77 So.2d 796 (1955)
Barbara W. FRANTZ, Appellant,
v.
McBEE COMPANY, a foreign corporation, and Robert Birch Finley, Appellees.
Supreme Court of Florida. Division A.
February 4, 1955.
Rehearing Denied February 22, 1955.
*797 Edward S. Hemphill and Victor Blue, Jacksonville, for appellant.
Adair, Kent & Ashby and W. Robert Mann and Howell & Howell, Jacksonville, for appellee.
ROBERTS, Justice.
This is an appeal from a summary judgment in favor of the defendants entered in a suit brought by the plaintiff-appellant, Barbara W. Frantz, as the widow of George Frantz, to recover for the death of her husband allegedly caused by the wrongful act of the defendant-appellee Finley. At the time of his death, the deceased was employed by the defendant-appellee, the McBee Company, a foreign corporation ("McBee" hereafter) as the agency manager in charge of its Jacksonville office. Finley was also an employee of McBee and worked out of the home office in New York. The deceased and Finley were on a field trip, with Finley driving decedent's car, when the car overturned, fatally injuring the deceased.
After various pleadings, the lower court entered a summary judgment for the defendants upon their motion, accompanied by affidavits. As to McBee, the court based its judgment on the fact that McBee had complied with the Florida Workmen's Compensation Act by taking out insurance to cover its Florida employees; and that since the remedy of the plaintiff's decedent was exclusively under this Act, no liability could be imposed by the plaintiff upon McBee under the Wrongful Death Act, Sec. 768.01, Florida Statutes, F.S.A. To combat this defense, plaintiff sought to show that McBee had not qualified to transact business in Florida as a foreign corporation nor in any way complied with the Florida foreign corporation law, Chapter 613, Florida Statutes, F.S.A. It is here contended that the lower court erred in refusing to allow plaintiff to do so. The gist of plaintiff's argument on this question is that, by failing to qualify to do business in this state, McBee has not acquired any "rights, powers and privileges" under the laws of this State, Section 613.02, Florida Statutes, F.S.A., so that it is not entitled to take advantage of the "exclusiveness of remedy" provisions of our Workmen's Compensation Act, Section 440.11, Florida Statutes, F.S.A. There is no merit to this contention.
Section 613.04, Florida Statutes, F.S.A., provides that "The failure of any such foreign corporation to comply with the provisions of this chapter shall not affect the validity of any contract with such corporation, * * *." Thus, the contract of employment between McBee and plaintiff's decedent was a valid and subsisting one, despite McBee's failure to qualify under Chapter 613. It contemplated work to be performed wholly within this State, wherever it was executed (which is not shown by the record). If the death of plaintiff's decedent had occurred without the fault of anyone, and was otherwise within the terms of the Act, could McBee be heard to say that it was not liable for the death benefits awarded by the Act, since it had not qualified to do business in this state? We do not think so. By the same token, it has the right to say that its liability under the Act carries with it a corresponding right as to the limit of its liability under the Act.
There was, then, no error in entering a summary judgment in favor of McBee.
As to Finley, the lower court based its summary judgment in his favor on the fact that, at the time of the accident, Finley and plaintiff's decedent "were fellow servants engaged in the common business of their employer, the McBee Company, and said Robert Birch Finley was not and is not a third party tort feasor within the provisions of the Florida Workmen's Compensation Act * * *."
*798 This court has never been called upon to decide whether a coemployee may be sued for his negligence in injuring a fellow employee in a case where the injured person's remedy against the common employer is exclusively under the Florida Workmen's Compensation Act. There is a diversity of opinion among the courts of other jurisdictions on this question. There can be no doubt that, at common law, servants mutually owed to each other the duty of exercising ordinary care in the performance of their service and were liable for a failure in that respect which resulted in injury to a fellow servant. 5 Thompson Neg., Sec. 5777, page 247. Our research indicates that most of the courts which hold that this common-law rule is abrogated by a Workman's Compensation Act have done so on the basis of the wording of the particular Act in question. Thus, the North Carolina, G.S. § 97-9, and Virginia, Code 1950, § 65-99, Workmen's Compensation Acts expressly provide that "* * * while such insurance remains in force he [the employer] or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified." (Emphasis supplied.) It is therefore held in these states that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation and whose acts are such as to render the corporation liable therefor, is entitled to the immunity given by the Act to the employer "`or those conducting his business.'" Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6, 7; Feitag v. Chalkley, 1946, 185 Va. 96, 38 S.E.2d 73. The New York Workmen's Compensation Law, McKinney's Consol. Laws, c. 67, Section 29, Subds. 1, 6, provides that the remedy thereunder shall be exclusive "when such employee is injured or killed by the negligence or wrong of another in the same employ." (Emphasis supplied.) So it is that in New York recovery cannot be had against a coemployee for injuries sustained in the course of the common employment. D'Agostino v. Wagenaar, 183 Misc. 184, 48 N.Y.S.2d 410, affirmed 268 App.Div. 912, 51 N.Y.S.2d 756, motion for leave to appeal denied 294 N.Y. 639, 640, 58 N.E.2d 522. Eight other states appear to have provisions in their Acts, referring to the third party as "another not in the same employ" or "employment," under which it is held that an injured employee has no right of action for ordinary negligence against his coemployee or fellow servant, to wit, Alabama, Arizona, Colorado, Montana, Oklahoma, Oregon, Utah and Washington. See the discussion in Feitag v. Chalkley, supra, 38 S.E.2d 73, in this respect.
Counsel for the appellee Finley has cited no case, and our independent research has revealed none, in which it has been held, in the absence of a specific statutory provision similar to those quoted above, that a Workmen's Compensation Act has abrogated the common-law rule of liability for negligence of an employee to his coemployee, except in Massachusetts. Cf. Bresnahan v. Barre, 1934, 286 Mass. 593, 190 N.E. 815; Wechsler v. Liner, 1951, 328 Mass. 152, 102 N.E.2d 92. In fact, it appears to be the general rule that, where there is no legislative mandate to the contrary, fellow workmen or coemployees are treated as third parties within the meaning of a Workmen's Compensation Act. See 58 Am.Jur., Workmen's Compensation, Sec. 60, p. 616; annotation in 106 A.L.R. at page 1059; Tawney v. Kirkhart, 1947, 130 W. Va. 550, 44 S.E.2d 634; Sylcox v. National Lead Co., 1931, 225 Mo. App. 543, 38 S.W.2d 497; Schumacher v. Leslie, 1950, 360 Mo. 1238, 232 S.W.2d 913; Webster v. Stewart, 1920, 210 Mich. 13, 177 N.W. 230; Rehn v. Bingaman, 1949, 151 Neb. 196, 36 N.W.2d 856; McGonigle v. Gryphan, 201 Wis. 269, 229 N.W. 81; Churchill v. Stephens, 1917, 91 N.J.L. 195, 102 A. 657; Wells v. Lavitt, 1932, 115 Conn. 117, 160 A. 617; Morrow v. Hume, 1936, 131 Ohio St. 319, 3 N.E.2d 39; Thompson v. Lacey, 1954, 42 Cal.2d 443, 267 P.2d 1; Zimmer v. Casey, 1929, 296 Pa. 529, 146 A. 130.
The Florida Workmen's Compensation Act, Chapter 440, Florida Statutes, F.S.A., contains no immunity provision similar to those in the New York, North Carolina, *799 and Virginia statutes, referred to above. It provides only that "The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer * * *", Section 440.11 (Emphasis supplied.); and it expressly preserves to an injured employee a concurrent remedy against a third party tort-feasor, without definition as to who is a "third party tort-feasor." Section 440.39 (1). There is nothing in our Act which expressly or by necessary inference requires this court to hold that the Legislature intended to abrogate the common-law rule respecting the liability to an injured employee of a negligent coemployee. Under these circumstances and the ordinary rules of statutory construction, we cannot read into the statute a provision which would be in derogation of a common-law right of an injured employee.
It is true that in Younger v. Giller Contracting Co., Inc., 1940, 143 Fla. 335, 196 So. 690, 693, in holding that the plaintiff, an employee of a general contractor, could not sue a subcontractor whose employee had injured plaintiff, we said:
"The intention of the legislature in amending section 10(a) was to abrogate the common law to the extent of making all of the employees engaged in a common enterprise statutory fellow servants. They were never to be considered inter se third parties as to each other or to the immediate contractual employers. * * *" (Emphasis supplied.)
The first sentence of the quoted excerpt is eminently correct. As stated by Thompson in his work on Negligence, 2d Ed., Sec. 4999, p. 1016: "Servants of different contractors engaged in a common employment upon the same work are not fellow servants within the meaning of the rule under consideration, because they do not work under the control of a common master." (Emphasis supplied.) The "rule under consideration" was the rule that a master is not liable to his servant for the negligence of a fellow servant. By the provision of the Act in question, Section 440.10, the Legislature, as stated, made "all of the employees engaged in a common enterprise statutory fellow servants", so that there was no longer any common-law liability on the part of the "different contractors engaged in a common employment upon the same work" (the general contractor and his subcontractors) for the negligence of any of such "statutory fellow servants." The common-law liability which would otherwise have existed was replaced by the duty of the general contractor to secure workmen's compensation for all of such "statutory fellow servants" or to see to it that his subcontractors did so. See also Miami Roofing & Sheet Metal Co., Inc., v. Kindt, Fla. 1950, 48 So.2d 840.
But the italicized portion of the excerpt is dictum only, and thus not binding on the court in the consideration of the question here presented. A recent decision by this court, Jones v. Florida Power Corp., Fla. 1954, 72 So.2d 285, 287, charts the path which we should follow in our decision here, much more than does the dictum in the Younger case.
In the Jones case, we held that "It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less." There is, of course, no liability on the part of an employee to secure compensation for a coemployee. And since there is no liability under the Act, there is no immunity from suit under the Act. A similar conclusion was reached in Sylcox v. National Lead Co., supra, 38 S.W.2d 497, 502, where a bus driver was held to be a third party tort-feasor in a suit by his coemployee to recover for injuries caused by the driver's negligence. The Missouri court said:
"Now there is no doubt that at common law one servant is liable to another for his own misfeasance, and there is nothing in the Compensation Act which destroys such liability, or in any way disturbs the common-law relationship existing between coemployees. *800 Certainly the negligent employee is not liable for compensation, and therefore he is a stranger to the act, being a person other than the employee entitled to receive compensation or the employer liable to pay it. The right of the injured employee to sue the third person depends upon whether the latter is subject to the act. Since the coemployee whose misfeasance produces the injury is not subject to the act, he must be regarded as a `third party' and therefore amenable to an action at common law. Such conclusion may lead to complications in the enforcement of the employer's right of subrogation, but we nevertheless think that it is the logical and necessary conclusion to be drawn from the language of our local act."
And, again, as stated in Tawner v. Kirkhart, supra, 44 S.E.2d 634, 641:
"There is no contract as between coemployees and they are subject to the provisions of the compensation act in their relationship with each other in no way. They pay nothing into the fund that entitles them to protection under its terms. We can perceive nothing in sound reasoning that would entitle a coemployee to gratuitous protection for his own misconduct. To hold that a coemployee is not liable for his own negligence would increase the hazard of employments and be contrary to public policy."
We hold, then, in accordance with the almost universal rule in those jurisdictions where there is no express legislative mandate to the contrary, that a coemployee or fellow servant is a "third party tort-feasor" within the meaning of our Workmen's Compensation Act. It was, then, error to enter summary judgment in favor of the defendant Finley.
For the reasons stated, the summary judgment is affirmed as to the defendant McBee, and it is reversed as to the defendant Finley, and the cause is remanded for further proceedings as to this defendant.
Affirmed in part and reversed in part and cause remanded.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.