124 So.2d 36 (1960)
Freddie CROMER, Appellant,
v.
Joe M. THOMAS d/b/a Joe M. Thomas Crane Service & Joe M. Thomas Transfer, Appellee.
No. 60-58.
District Court of Appeal of Florida. Third District.
November 7, 1960.
Rehearing Denied November 29, 1960.
*37 Headley & Sudduth, Miami, for appellant.
Fowler, White, Gillen, Humkey & Trenam, and Henry Burnett, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellant Freddie Cromer, who was the plaintiff below in an action for damages for personal injuries, has appealed from a summary judgment rendered in favor of the appellee Joe M. Thomas.
The facts which were before the court on the motion for summary judgment were not in dispute. The City of Miami Beach, through its Water Department, undertook certain construction and excavation work. In connection with that work it engaged and made use of a crane and its operator-owner, the appellee Thomas. The crane was allegedly "equipped with a long steel boom, from the end of which was suspended by cable a digging bucket or device." The plaintiff, who was employed by the city and not by Thomas, was handling a digging bucket attached to the crane. Plaintiff received his injuries when the crane boom, operated by Thomas, struck electrically energized overhead wires maintained by a power company. Thomas was charged with negligence in the complaint.
The plaintiff, as an employee of the City of Miami Beach, was entitled to workmen's compensation benefits.[1] Thomas was under contract with the city to supply his crane and an operator (himself) for use on the job. The city did not have a general contractor.[2] The determinative question here is whether, under the circumstances presented, the plaintiff could sue the crane owner-operator for damages for his personal injuries. We hold that he could, and, therefore, that the able trial judge was in error in concluding the action would not lie.
Where construction is undertaken without a general contractor, and independent contractors are engaged to perform portions of the work, an employee of one such independent contractor, if injured in the course of such work by another independent contractor or by his employee, may bring suit against the latter independent contractor, under the authority of Jones v. Fla. Power Corp., Fla. 1954, 72 So.2d 285. A difference between the Jones case and the present case is that here the injured plaintiff was not employed by an independent contractor but was working on the job as an employee of the city. The factual difference is not material, and Jones v. Fla. Power Corp., supra, is applicable.
Smith v. Poston Equipment Rentals, Fla. App. 1958, 105 So.2d 578, is distinguishable because in that case there was a general contractor. There the existence of the general contractor prevented suit because of the operation of the Workmen's Compensation Law, Ch. 440, Fla. Stat., F.S.A., where the general contractor's employee sued the owner of the crane who was an independent contractor, for an act of negligence of an employee of such independent contractor.
The present suit was against an independent contractor crane-owner engaged *38 in an integral part of the work, but the injury was alleged to have been caused by him while operating the crane, and not by one of his employees. Therefore, the independent contractor himself, and the owner's employee whom he allegedly injured, were co-employees or fellow servants under Smith v. Poston Equipment Rentals, supra, and an action would lie against Thomas on the additional theory of suit by one employee against a co-employee. See Frantz v. McBee Company, Fla. 1955, 77 So.2d 796.
Accordingly, the summary judgment in favor of the appellee Thomas is reversed.
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] The right of an injured employee to workmen's compensation benefits does not preclude suit by him against a third party tort-feasor, under § 440.39(1), Fla. Stat., F.S.A.
[2] As to the significance of the absence of a general contractor, see Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690; Jones v. Fla. Power Corp., Fla. 1954, 72 So.2d 285.