129 So.2d 427 (1961)
Donald P. MICHAELS, a Minor, by his next friend and father, James T. Michaels, and James T. Michaels, Individually, Appellants,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation, Appellee.
No. 2001.
District Court of Appeal of Florida. Second District.
April 26, 1961.
Rehearing Denied May 15, 1961.
J. Russell Hornsby of Hornsby & Newman, Orlando, for appellants.
Wilson Sanders, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee.
SHANNON, Judge.
The appellants, defendants below, filed this appeal from the final decree of the court below, in a suit for declaratory relief.
Harbert Construction Company was a general contractor engaged in the construction of a portion of the gas transmission pipe line at or near Kissimmee, Florida, and, as such, maintained a pipe yard for the storage of pipe to be used on the pipe line construction. It rented from Blaylock & Koop a mobile crane, together with the operator, James Futch, to assist it in loading certain pipe into its trucks. The salary of Futch was included in the crane rental paid by Harbert Construction Company. At the same time Donald P. Michaels was an employee of Harbert Construction Company, and was assisting in loading the trucks with pipe. In the operation Donald P. Michaels sustained injuries through the alleged negligence of Futch. For his injuries Michaels was covered by workmen's compensation through Harbert Construction Company and is obtaining benefits therefrom. Michaels had brought an action at law against Futch, and others, for the injuries he sustained, and Futch had called upon United States Fidelity & Guaranty Company, as insurance carrier for Harbert Construction Company, to defend him. This declaratory suit was then commenced by the insurance company to determine its obligation to Futch. This appeal is from a final decree rendered in the declaratory suit in favor of United States Fidelity & Guaranty Company. The policy carried by Harbert Construction Company at the time of the accident contained the following relevant clauses:
"United States Fidelity and Guaranty Company (herein called the Company), agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

*428 "Insuring Agreements
"I Coverage A  Bodily Injury Liability
"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.
* * * * * *
"III Definition of Insured
"The unqualified word `Insured' includes the Named Insured and also includes. * * * (2) under Coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission. * * * The insurance with respect to any person or organization other than the Named Insured does not apply under Division (2) of this insuring agreement:
* * * * * *
"(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer.
* * * * * *
"Exclusions

"This policy does not apply:
* * * * * *
"(f) under Coverage A, to any obligation for which the Insured or any carrier as his insurer may be held liable under any Workmen's Compensation, unemployment compensation or disability benefits law, or under any similar law;
"(g) under Coverage A, except with respect to liability assumed by the Insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the Insured arising out of and in the course of his employment by the Insured, * * *
* * * * * *
"Conditions

"3. Definitions.
* * * * * *
"(f) Purposes of Use * * * Use of an automobile includes the loading and unloading thereof."
In the final decree entered by the lower court, the chancellor said, among other things:
"* * * [T]he court having considered the Stipulation of facts and having heard argument of counsel hereby adopts as its findings and legal rulings the following:
"Contention No. 1. Under the stipulated facts, the injury of April 25, 1959 to Donald P. Michaels occurred during an operation covered by the term `Loading' as used in said insurance policy.
"Contention No. 2. Under Exclusion `F', the word `insured' [sic] should be construed as `named insured' and therefor [sic] not applicable as an exclusion to James Futch.
"Contention No. 3. Under stipulated facts, James Futch the crane operator, was an employee of Harbert Construction Corporation at the time of the accident and under Section III definition of `insured' Subsection `c' of the said insurance policy, no coverage was afforded to said James P. Futch."
He then found that the appellee insurance company was under no duty to defend Futch or to pay any judgment that may be rendered against him in any action growing out of the occurrence wherein the appellant, Michaels, was injured.
*429 In deciding this case, it is necessary that we consider §§ 440.10 and 440.11, Fla. Stat., F.S.A. It is provided in § 440.10(1):
"Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
In § 440.11 it is provided:
"The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, * *"
We have studied the many cases that have been cited in the brief of each party hereto, but, for the purpose of this decision, we believe that the case of Smith v. Poston Equipment Rentals, Fla.App. 1958, 105 So.2d 578 (3d District), is decisive. The facts in the Smith case, as stated by the court, were:
"John R. Smith, an employee of the general contractor on a construction job, was injured when a concrete bucket fell from a crane and broke the scaffold upon which he was working. The crane was being operated by an employee of the appellee, Poston Equipment Rentals, Inc. A helper or flagman, also an employee of Poston, was directing the movements of the crane. Smith, as plaintiff, filed a complaint claiming damages from Poston. The trial judge entered a final summary judgment for the defendant, Poston, and this appeal followed."
In the Smith case, supra, Judge Pearson, who wrote the opinion for the court, stated that the controlling question in that case was whether the defendant, Poston, is a third party against whom an independent action can be maintained under the Workmen's Compensation Act. He goes on to say that it is necessary to take into consideration §§ 440.10(1) and 440.11, Fla. Stat., F.S.A. After considering the two statutes, which are a portion of the Workmen's Compensation Act, the opinion states:
"The appellant urges that in order to apply section 440.11, supra, and thereupon find that workman's compensation was the exclusive remedy, the trial judge was required to find that Poston, who lent the men and equipment, was a subcontractor under section 440.10(1), supra. We do not think that such a finding is a necessary step to affirm the order of the trial judge. If the men, who were lent as a part of the rental contract, were actually engaged in the construction process and under the direction of the general contractor, they were, for the purposes of this action statutory fellow servants under a `common employer', who was liable to secure the payment of workman's compensation for all of them. Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840."
It is apparent, therefore, that within the purview of §§ 440.10(1) and 440.11, Fla. Stat., Futch and Michaels, in the present case, were statutory fellow servants and that the general contractor, Harbert Construction Company, was the common employer of all workmen engaged in the same contract work. Arthur J. Collins & Son, Inc., v. Knight, Fla.App. 1960, 117 So.2d 740; Smith v. Poston Equipment Rentals. Fla.App. 1958, 105 So.2d 578; Miami Roofing *430 & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840.
In the cases of Webb v. American Fire & Casualty Co., 1941, 148 Fla. 714, 5 So.2d 252, and Employer's Liability Assurance Corp. v. Owens, Fla. 1955, 78 So.2d 104, our Supreme Court had before it liability insurance policies containing exclusion provisions similar to sub-paragraphs (f) and (g) of the exclusion clause in the instant policy. It was held in both these cases that the language of the provisions excluded from coverage an employee of the insured. It, therefore, follows that the chancellor was correct in ruling that the policy here under consideration afforded James P. Futch no coverage.
In the case of Jones v. Florida Power Corp., Fla. 1954, 72 So.2d 285, the injured employee of one independent contractor, sued Florida Power, the project owner, for the alleged negligence of an employee of another independent contractor. The Supreme Court held that the Workmen's Compensation Act, Section 440.11, Fla. Stat., F.S.A., did not apply because there was no common employer, in that Florida Power Corp. was not a "contractor" within the meaning of the Act. In the instant case, however, Harbert Construction was the general contractor and the common employer of both Futch and Michaels, within the meaning of the Act. See also Cromer v. Thomas, Fla.App. 1960, 124 So.2d 36; and Smith v. Poston, supra.
We have also studied the decision of the Supreme Court in Frantz v. McBee Company, Fla. 1955, 77 So.2d 796, where there was a wrongful death action by the widow of one employee against a fellow employee for the death of her husband allegedly caused by the fellow employee's wrongful act. There it was held that a fellow employee is not immune from liability and is a third party tort-feasor under our Workmen's Compensation Act. The particular facts of that case are not determinative of the question with which we are here confronted. The common-law action instituted by Michaels, the injured employee, against Futch, the fellow employee who allegedly precipitated the injury, is not under consideration. We only hold that United States Fidelity & Guaranty Company is under no obligation to defend Futch in the law action or to pay any judgment that might be rendered against him as a result of the aforementioned accident and injury.
Having found no reversible error in the decree appealed from, the same is affirmed.
Affirmed.
KANNER, Acting C.J., and STEPHENSON, GUNTER, Associate Judge, concur.