*722 ON PETITION FOR REHEARING
MANN, Judge.
I erred in preparing for my brethren an opinion which assumed the mootness of an important question raised on cross-appeal. The individual defendant Laws, driver of the truck which ran over Mr. Singleton, was dismissed on motion of the other defendants, over plaintiff’s objections, ten days before trial. Laws appeared at trial as a witness and was then served with process. Plaintiff moved to reinstate him as a party, but this motion was denied. This was error.
Fla.R.Civ.P. 1.070(d), 30 F.S.A. provides for continuing the action against those served and for “noting the fact of non-service as to the defendants not served. . . ”
The question is not academic. Our workmen’s compensation statute has been interpreted to permit the action against the individual employee, since the immunity goes only to the employer. Frantz v. McBee Co., Fla.1955, 77 So.2d 796, construing Fla.Stat. 440.39 (1971), F.S.A., a statute which has been amended in minor other respects, but not in this one. Thus we must assume legislative satisfaction with this state of affairs, and we must in any event follow the Supreme Court’s interpretation of the statute. Frantz was followed in Martin v. Theockary, 5th Cir. 1955, 220 F.2d 900, and Nelson v. Union Wire Rope Corp., 1964, 31 Ill.2d 69, 199 N.E.2d 769, both of which applied Florida law. See also Annotation, 21 A.L.R.3d 845.
Accordingly, rehearing is granted, and on the cross-appeal of appellant Singleton, the order dismissing the individual defendant Laws and the order denying reinstatement of Laws as a party are
Reversed and remanded.
LILES, Acting C. J., and DURRANCE, CARL C., Associate Judge, concur.