SMITH, Judge.
The administrators of the estate of Dick Sadberry, deceased, appeal from a summary judgment entered for appellee Niagara Wire Weaving Company, Ltd., on appellants’ claim for Sadberry’s death. Appellants also complained of but now concede the propriety of the summary judgment entered simultaneously for Ivaco Industries, Ltd. Judgment was entered for Niagara Wire Weaving Company on the ground that it is immune from liability pursuant to § 440.11(2), F.S., providing:
“(2) An employer’s workmen’s compensation carrier, service agent, or safety consultant shall not be liable as a third party tort-feasor for assisting the employer in carrying out the employer’s rights and responsibilities under this chapter by furnishing any safety inspection, safety consultive service, or other safety service incidental to the workmen’s compensation or employers’ liability coverage or to the workmen’s compensation or employer’s liability servicing contract. The exclusion from liability under this subsection shall not apply in any case in which injury or death is proximately caused by the willful and unprovoked physical aggression, or by th'e negligent operation of a motor vehicle, by employees, officers, or directors of the employer’s workmen’s compensation carrier, service agent, or safety consultant.”
Sadberry was employed by Niagara Wires, Inc., which manufactures wire mesh used to process wood pulp into paper. Niagara Wires, Inc., is a corporate subsidiary of appellee Niagara Wire Weaving Company. At the direction of his foreman, young Sadberry undertook to clean the rotating drums on which the wire mesh is stretched and losing his balance, he fell onto the moving mesh and was crushed by it against one of the drums. Sadberry’s dependent parents collected workmen’s compensation benefits from his employer, Niagara Wires, Inc., and the appellants sued the parent corporation, appellee Niagara Wire Weaving Company, for negligence in designing the machine, failing to provide adequate warning of its inherent dangers and failing to promulgate reasonably safe procedures for its operation.
Niagara Wire Weaving Company undertook for its subsidiary not only to design the machine in question but also to assemble it, oversee its installation and instruct the employees of Niagara Wires, Inc., in the operation of the machinery. The trial judge concluded from that evidence that Niagara Wire Weaving was in effect the service agent or safety consultant of its subsidiary, Niagara Wires, Inc., that it furnished safety inspection and consultive services to its subsidiary and, therefore, that the subsidiary’s immunity under the workmen’s compensation act was extended to the parent by § 440.11(2), F.S.
We disagree with the trial court’s interpretation of § 440.11(2). That statute does not purport to immunize the negligent manufacturer of a dangerous machine merely because the manufacturer also provided the injured workman’s employer safety inspections or instructions incidental to supplying the machine. The statutory immunity was granted to encourage “employing expert service companies to inspect and advise concerning safety for employees.” Allen v. Employers Serv. Corp., 243 So.2d 454, 456 (Fla.App.2d, 1971), cert. den. 248 So.2d 167 (Fla. 1971); Conklin v. *349 Cohen, 287 So.2d 56 (Fla.1973). The statute rewards efforts of safety consultants whose services are “incidental to the workmen’s compensation or employers’ liability coverage [of the employer] or to the workmen’s compensation or employer’s liability servicing contract.” It does not appear that Niagara Wire Weaving Company was 'employed or engaged by Niagara Wires for such a purpose, nor that any safety services provided by the manufacturer were incidental to workmen’s compensation or employer’s liability coverage or contracts. The law imposes independent duties concerning user safety on the manufacturer or assembler of industrial machinery; and efforts by the manufacturer or assembler to fulfill the law’s expectations do not bring it within the immunity of § 440.11(2).
AFFIRMED as to Ivaco; REVERSED as to Niagara Wire Weaving Company, Ltd.
BOYER, C. J., and HODGES, JOHN G., Associate Judge, concur.