GRIMES, Judge.
The issue in this case turns on whether appellee (Raber) is entitled to statutory immunity under the Florida Workmen’s Compensation Act prior to its amendment as of October 1, 1974.
Appellant (Womble) was an employee of Abe Davis Construction Company, a carpentry subcontractor of Bob Schey, the general contractor who was engaged in the construction of a house. Raber was an individual proprietor of a crane service business operating under the registered fictitious name of J J Crane & Tree Service. Schey had contracted with Raber to furnish a crane and operator to help erect trusses on the house. Womble was injured in the *828 course of disengaging a truss from a hook on the crane operated by Raber. Womble received workmen’s compensation benefits from his employer. He then sought to recover damages in a third-party tort action against Raber. Raber obtained a summary judgment on the defense of immunity from liability under the exclusive remedy of the Workmen’s Compensation Act.
Under the Workmen’s Compensation Act, the employees of a general contractor or any subcontractor working under the general contractor are deemed to be statutory fellow servants whereby a negligent injury inflicted by any such employee upon another cannot provide a basis for suit against the negligent employee’s employer. The injured employee has an exclusive remedy under the Workmen’s Compensation Act. Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840. The predicate for the statutory immunity under Fla.Stat. § 440.11 (1973) is the obligation of contractors and subcontractors under Fla.Stat. § 440.10 (1973) to secure the payment of workmen’s compensation to all employees injured on the job. Jones v. Florida Power Corp., Fla.1954, 72 So.2d 285. However, there is no immunity under the Workmen’s Compensation Act for an employee who is sued for having negligently injured his fellow employee even though their common employer carried workmen’s compensation insurance. Frantz v. McBee Company, Fla.1955, 77 So.2d 796.
The record reflects that Raber had no employees of his own, and he carried no workmen’s compensation insurance. Womble argues that Raber’s status was tantamount to that of an employee of Schey, thereby making him subject to a suit by a fellow employee. In support of this position Womble cites Cromer v. Thomas, Fla. App.3d, 1960, 124 So.2d 36, in which an employee of the City of Miami Beach was hurt by a crane during the course of some construction and excavation work for the city. The crane was owned by Thomas who was under contract with the city to supply his crane and himself as an operator for use on the job. The court held that Thomas was not immune from suit under the Workmen’s Compensation Act. In addition to pointing out that there could be no immunity because the construction was undertaken without a general contractor,[1] the court further said:
“The present suit was against an independent contractor crane-owner engaged in an integral part of the work, but the injury was alleged to have been caused by him while operating the crane, and not by one of his employees. Therefore, the independent contractor himself, and the owner’s employee whom he allegedly injured, were co-employees or fellow servants under Smith v. Poston Equipment Rentals, [Fla.App., 105 So.2d 578] supra, and an action would lie against Thomas on the additional theory of suit by one employee against a co-employee. See Frantz v. McBee Company, Fla.1955, 77 So.2d 796.”
In Cromer, supra, the plaintiff and Thomas were said to be employees of the same employer, to wit: the City of Miami Beach. In the instant case, even if Raber is held to be an employee, he would be an employee of a different employer than Womble’s employer. Therefore, Cromer is pertinent only if Frantz v. McBee Company, supra, is construed to mean that an employee of one contractor can sue the employee of a different contractor when both are working on the same job. While the two employees in Frantz v. McBee Company, supra, both worked for the same employer, there is nothing in that case which tends to preclude an employee of one subcontractor from suing an employee of either the general contractor or another subcontractor working on the same job. Thus, in that case the Supreme Court said:
“We hold, then, in accordance with the almost universal rule in those jurisdic *829 tions where there is no express legislative mandate to the contrary, that a co-employee or fellow servant is a ‘third party tort-feasor’ within the meaning of our Workmen’s Compensation Act.
Raber relies heavily on Shirley v. Asbell, Fla.App. 1st, 1967, 197 So.2d 828. There, a general contractor engaged in the placement of rocks upon a beach contracted with Imler Earth Movers, Inc. to provide trucks and drivers to haul the rock. Not having sufficient equipment of its own to carry out the contract, Imler entered into an agreement under which Asbell would provide his truct and a driver to Imler. One of the general contractor’s employees was injured by a rock which fell from Asbell’s truck at a time when Asbell himself was the driver. The court held that Asbell was immune from suit under Fla.Stat. §§ 440.10 and 440.11. This case may be distinguishable by the fact that the opinion implied that Asbell employed persons other than himself. If this was the case, Asbell would have presumably been required to carry workmen’s compensation insurance and would have been entitled to the statutory immunity.
If the outcome of this case turned solely on whether Raber was an employee of Schey, we would be inclined to affirm, because Raber’s arrangements with Schey have all the earmarks of an independent subcontractor relationship. However, in the final analysis, we believe that the determining factor is whether Raber may be considered as an employing subcontractor who was entitled to immunity under the Workmen’s Compensation Act. The purpose of making employees statutory fellow servants is not to make such employees immune from suits against each other but to protect their employer (who is obligated to provide workmen’s compensation insurance) from liability for the employee’s negligence. Clearly, Raber had no obligation to provide workmen’s compensation insurance because he had no employees. Fla. Stat. § 440.02 (1973). Therefore, he was not entitled to the immunity contemplated by the Act. As the court stated in Frantz v. McBee Company, supra:
“In the Jones case, we held that ‘It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation— no more and no less.’ There is, of course, no liability on the part of an employee to secure compensation for a co-employee. And since there is no liability under the Act, there is no immunity from suit under the Act. . . .”
REVERSED.
McNULTY, C. J., and SCHEB, J., concur.

. The significance of this point is explained in Jones v. Florida Power Corp., supra.