339 So.2d 1136 (1976)
Maria Butterworth WEST, Appellant,
v.
Sidney H. JESSOP and Insurance Company of North America, a Corporation, Appellees.
No. 76-426.
District Court of Appeal of Florida, Second District.
December 1, 1976.
William A. Patterson, Masterson, Rogers & Patterson, P.A., St. Petersburg, for appellant.
James C. Hadaway, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees.
GRIMES, Judge.
The question posed in this case is whether an employee of a corporation, who suffers an injury as a result of the negligence of that corporation's president during working hours, can maintain an action against the president even though she is covered by the workmen's compensation law.
Maria Butterworth West was employed by Sun State Properties, Inc. d/b/a United States Medical Training Academy. Sidney Jessop was the president and owner of all outstanding stock of the corporation.
On December 4, 1973, while at work Ms. West complained of a headache. In an attempt to relieve her pain, Jessop wrenched her neck causing permanent injury. She recovered workmen's compensation insurance benefits for the injury.
Subsequently, she filed this negligence action against Jessop alleging that he was a co-employee, and thereby subject to a third party action for damages. The court granted Jessop a summary judgment holding that he was immune from suit as West's employer under Section 440.11, Florida Statutes (1973).
*1137 There is no doubt that the statute would preclude a suit against the corporate employer. On the other hand, co-employees are subject to third party actions for negligent acts done during the course of employment. Frantz v. McBee Company, 77 So.2d 796 (Fla. 1955). Where does Mr. Jessop stand when he is both a co-employee and, in effect, the employer by reason of his office and his ownership of all the corporate stock?
While this is an issue of first impression in Florida, it has been considered in other jurisdictions. A careful analysis of the problem is found in Kruse v. Schieve, 61 Wis.2d 421, 213 N.W.2d 64 (1973), in which the court held that the liability of a corporate officer in a third party action must derive from acts done by him in the capacity of a co-employee and may not be predicated upon acts done by him in his capacity as a corporate officer. The court reasoned that a corporate officer becomes amenable to suit as a co-employee when he has committed an affirmative act of negligence which goes beyond the scope of the nondelegable duty of the employer to provide his employees with a safe place to work.
This principle makes sense. To blindly hold that a corporate officer always occupies the position of a co-employee because he is a separate "entity" from the corporate employer would jeopardize the concept of workmen's compensation which is designed to impose a certain but exclusive obligation upon employers whenever their employees suffer on-the-job injuries. A corporate employer must necessarily conduct its business through its corporate officers, and to permit in every case a third party action against these officers, particularly when they also own the corporate stock, would often reduce the protection of "exclusiveness" to only a theoretical refuge. The decision of a businessman to operate through a corporate entity should not deprive him of the reasonable protection against suits by his employees which is afforded to his competitor who is operating as a proprietorship, or even a partnership. Cf. Sonberg v. Bergere, 220 Cal. App.2d 681, 34 Cal. Rptr. 59 (1963).
On the other hand, there is no reason why a stockholding corporate officer should come under the umbrella of exclusive protection when he negligently injures another employee through an affirmative act. In these circumstances, he should be held personally responsible for his actions in the same manner as any other employee.
2A A. Larson, Workmen's Compensation Law, § 72.10 (1976), suggests that the majority rule holds the corporate officer to be responsible as a co-employee under all circumstances. However, an analysis of the facts of the cases cited by Larson reflects that most, if not all, of these decisions are consistent with the reasoning we have adopted.
Applying these principles to the instant case, we find that the act of negligence charged against Jessop was clearly one of affirmative action upon his part. The facts alleged in the complaint unquestionably place him in the category of a co-employee. Therefore, he would not be entitled to the cloak of immunity provided by the statute.
REVERSED.
McNULTY, C.J., and BOARDMAN, J., concur.