350 So.2d 796 (1977)
Richard Allen LeSUER, etc., Appellant,
v.
Joseph C. LeSUER et al., Appellees.
No. DD-324.
District Court of Appeal of Florida, First District.
September 23, 1977.
Rehearing Denied October 26, 1977.
Marvin A. Urquhart, Jr., of Urquhart & Austin, Panama City, for appellant.
Ernest W. Welch of Welch, Hilton, Bennett, Logue & Burke, P.A., and Stephen H. Kurvin of Sale, Bryant, Daniel & Thompson, Panama City, for appellees.
SMITH, Judge.
Plaintiff Allen LeSuer, injured at work on January 31, 1971, appeals from a summary judgment entered for the allegedly negligent operator and the owners of a crane that was engaged in loading scrap for Allen's employer, American Scrap Metal Company, Inc. At issue is whether defendants are immune from tort liability under Florida's workmen's compensation law as it then existed, Section 440.11, Florida Statutes (1971).[1] We hold defendants are not immune and that the summary judgment should be reversed.
American, Allen's employer, wished to load the scrap it recently purchased. Defendant Joseph LeSuer, who was not otherwise associated with American, was induced by a family relationship to lend and operate a crane owned by Joseph and his partner, defendant Herman Currie. Allen sustained an electrical injury when Joseph touched a high voltage wire with the crane's boom.
The trial court held Joseph "was an employee or borrowed servant" of American and that, as such, Joseph individually and he and his partner, as owners of the crane, partake of American's immunity as Allen's employer. Section 440.10, Florida Statutes (1971), required an employer subject to the act to provide workmen's compensation benefits for his employees and required a *797 general contractor to provide benefits for his own and his subcontractors' employees. Section 440.11 made their liability for benefits "exclusive and in place of all other liability."
An exact classification of Joseph's role on the job is unnecessary to the determination of his eligibility for immunity under the act. Whether considered as American's general or special employee, a volunteer, or a direct and independent contractor engaged by American, Joseph is liable to Allen for negligence.
Joseph was assuredly not Allen's employer. Nor was Joseph a subcontractor under American as contractor, for American had no general contract for the work at hand but was in effect the owner of the work. Smith v. Ussery, 261 So.2d 164 (Fla. 1972). Joseph was no one's general employee so he cannot be considered a lent or special employee of American for purposes of fixing American's liability for workmen's compensation benefits, and American's tort claim immunity, on account of injury to Joseph; but that is irrelevant because Joseph was not injured and American's liability is not in issue. A general employee remains liable to an injured fellow employee for negligence. Frantz v. McBee Co., 77 So.2d 796 (Fla. 1955) retracted intimations to the contrary[2] in Younger v. Giller Contr. Co., Inc., 143 Fla. 335, 341, 196 So. 690, 693 (1940). A lent or special employee is similarly liable. Berrier v. Associated Indem. Co., 142 Fla. 351, 196 So. 188 (1940) and Shelby Mut. Ins. Co. v. Aetna Ins. Co., 246 So.2d 98 (Fla. 1971) are not to the contrary; they simply established the special employer's liability for compensation benefits and his corresponding immunity from liability for the lent employee's tortious injury to a fellow servant. Nor does Joseph acquire an employer's immunity under the doctrine of Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla. 1966); Zenchak v. Ryder Truck Rentals, Inc., 150 So.2d 727 (Fla.3d DCA 1963), and Smith v. Poston Equip. Rentals, Inc., 105 So.2d 578 (Fla.3d DCA 1958), which extended immunity to the lessor of a vehicle, supplied with or without an operator employee of the lessor, to the injured person's employer. Here there was no lease, so the crane was not "equivalent" to one owned by American. Smith v. Ryder Truck Rentals, Inc., 182 So.2d at 424.
Neither Joseph individually nor Joseph and his partner, as owners of the crane, are immune from Allen's suit by reason of Section 440.11. Any question of the owner partners' vicarious liability for Joseph's allegedly negligent operation of the crane, because of the dangerous instrumentality doctrine, was not passed on in the trial court, nor briefed here, and so not decided.
REVERSED.
MILLS, Acting C.J., and ERVIN, J., concur.

ON PETITIONS FOR REHEARING
SMITH, Judge.
The petitions of appellees for rehearing suggest that our opinion, characterizing the relationships between the parties, gives the appearance of deciding certain factual issues favorably to plaintiff and appellant. If so, that was unintended. We necessarily characterized those relationships, based on evidence in the summary judgment record before us, when analyzing the issues. The central issue was whether summary judgment for appellees should have been entered. In deciding it should not have been entered on this record, we do not preclude renewed consideration of a motion for summary judgment based on controlling facts not before us. Nor should our decision be read as granting partial summary judgment for plaintiff, or as precluding proof that may ultimately sustain appellees' position.
The prayer of the petition for rehearing is DENIED.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] A 1974 amendment to § 440.10, not here pertinent, withholds immunity from a subcontractor whose employee negligently injures the employee of another subcontractor. Ch. 74-197, § 6, Fla.Laws; § 440.10(1), Fla. Stat. (1975).
[2] "They [statutory fellow servants] were never to be considered inter se third parties as to each other... ." 143 Fla. 335, 341, 196 So. 690, 693 (1940) (dictum).