MOORE, Judge.
Appellant, an employee of Hartford Accident and Indemnity Insurance Company, allegedly injured herself while in the scope of her employment by falling in the hallway of the building (owned by Hartford) where she was employed. She received workman’s compensation benefits and then filed suit against Bryan & Fletcher, Inc., the building manager and its insuror (also Hartford) for negligence in improperly maintaining the floors. After a jury had been selected, but prior to taking any evidence, the Court granted Bryan & Fletcher’s motion for summary judgment and final judgment was entered against the appellant. This appeal followed.
The sole question involved in this appeal is the applicability of Section 440.11 (Fla. Stat.1971) regarding the exclusiveness of workman’s compensation benefits. Appel-lee contends that it is an agent of Hartford and, as such, enjoys the immunity from suit as provided by Section 440.11. During argument before the trial court, the parties conceded that the status of Bryan & Fletcher, Inc., i. e. whether an agent of the employer or an independent contractor, was a matter of law to be determined by the Court. Initially, the appellant also conceded that in the event the Court determined Bryan & Fletcher to be the agent of Hart *408 ford “school is out as far as our case is concerned.” Subsequently, however, and after the Court determined the relationship to be one of agency, appellant contended, as she does here, that the relationship mattered not and the immunities enjoyed by the employer are not applicable to Bryan & Fletcher in either event. We agree.
Compensation claimants may pursue common law remedies against third party tort-feasors. Section 440.39 (Fla.Stat.1971). Prior to the 1978 amendment to Section 440.11(1), on which we make no comment, a third party tort-feasor included a co-employee. Frantz v. McBee Company, 77 So.2d 796 (Fla.1965); West v. Jessop, 339 So.2d 1136 (Fla. 2 DCA 1976). Viewed in the most favorable light, an agent, as that term is used here and as found by the trial court, would stand in no better position than that of a co-employee. Each can be a third party tort-feasor subject to suit by the injured employee.
Assuming Bryan & Fletcher to be the agent of Hartford, in order to enjoy the immunity provided by the statute, it would have to fall within one of the categories delineated in Section 440.11(2). There, the legislature has provided immunity to an employer’s workman’s compensation carrier, a service agent of the employer and a safety consultant to the employer. Bryan & Fletcher is a corporation engaged in the real estate management business which contracted with the employer, Hartford, to manage the employer’s building. Among its obligations under the contract it was required to purchase necessary supplies for the building, including alterations and re-decorations, employ and supervise a sufficient number of personnel to provide the services required in all leases, pay all bills for utility services, maintain workman’s compensation insurance for its employees, collect rentals and all other income from the operation of the building, and maintain an office in the building staffed with a manager and other necessary personnel. Bryan & Fletcher was to be responsible to Hartford only for the adequate and sufficient performance of its obligations under the contract. The performance of Bryan & Fletcher’s employees, servants and contractors, as well as the details and methods of performance, were to be under the sole direction and control of Bryan & Fletcher. We hold that Bryan & Fletcher did not meet the criteria of Section 440.11(2) to entitle it to the immunity enjoyed by Hartford and was therefore subject to suit as an alleged third party tort-feasor.
We have considered all points raised by the appellants. In view of our holding herein we find it unnecessary to comment further. Accordingly, the final judgment is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
REVERSED and REMANDED.
CROSS and LETTS, JJ., concur.