374 So.2d 599 (1979)
Benjamin COOK and Mary Cook, Appellants,
v.
ESTATE OF Henry Lee MILLS, Etc., et al., Appellees.
Estate of Henry Lee MILLS, Etc., et al., Appellants,
v.
Benjamin COOK and Mary Cook, Appellees.
Nos. 78-954, 78-1727.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 27, 1979.
*600 McDonald & McDonald and David McDonald, Underwood, Gillis, Karcher & Reinert, Miami, for Estate Mills.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Neil Chonin, Miami, for Cook.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
The plaintiffs appeal from a final money judgment in their favor entered pursuant to a jury verdict in a personal injury action. The plaintiffs' appeal is without merit and is barred by their failure to move for a new trial on the grounds of an inadequate verdict. With regard to the merits of the appeal, see State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931); and with regard to the failure to move for a new trial, see Paul v. Kanter, 155 So.2d 402 (Fla. 3d DCA 1963).
The cross-appeal of defendant Estate of Henry Lee Mills seeks reversal for the trial court's denial of the defendant's motion for a directed verdict at the conclusion of all the evidence. It is urged that the evidence conclusively showed that the non-corporate defendant, Henry Lee Mills, was protected from liability by Section 440.11(1), Florida Statutes (1977).[1] The defendant's point on this cross-appeal states that the undisputed evidence established that defendant Mills was a working partner of the partnership having the contract for the job on which plaintiff Benjamin Cook was injured. The plaintiffs do not controvert the defendant's interpretation of the evidence, but rely upon a claimed exception, to-wit, a plaintiff may sue and recover for an injury resulting *601 from an affirmative act of negligence of a co-employee. The plaintiffs cite West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976), for this exception.
In the State of Florida, as elsewhere, the general rule holds true that "... the concept of `third persons,' against whom common-law actions may be brought for compensable injuries, includes all persons other than the injured person's own employer; i.e.; it includes co-employees, employers of employees working on the same project, and physicians whose malpractice aggravates the compensable injury." A. Larson, Workmen's Compensation, § 72.00 (Matthew Bender 1979). "Under most statutes, immunity to common-law suit is extended only to the employer. An injured employee can therefore sue his own co-employee for the latter's negligence, and it follows logically that the employer can exercise subrogation rights against his own tortfeasor employee." Larson, supra, at § 72.10. Florida law is in accord. See West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976), relied upon by the defendant in the cross-appeal.
A case that is of importance in this area is the case of Frantz v. McBee Company, 77 So.2d 796 (Fla. 1955), which holds that a co-employee or fellow servant is a "third-party tortfeasor" within the Workmen's Compensation Act, and that an employee whose alleged negligence results in the death of his fellow employee may be held responsible.
Supporting this same proposition and citing to the Frantz v. McBee case, supra, is the case of LeSeur v. LeSeur, 350 So.2d 796 (Fla. 1st DCA 1977), which states: "A general employee remains liable to an injured fellow employee for negligence." Therefore, based on the above authorities, we hold that in the State of Florida an employee may sue a co-employee for injuries sustained in an accident covered under the Workmen's Compensation Act.
The point presented for reversal claims error upon the denial of a motion for directed verdict. In its brief, the defendant argues that its defense was adequately proved. That is not sufficient. The test is whether it appears as a matter of law that no proper view of the evidence could possibly sustain the position of the party against whom the verdict is sought to be directed. See Bourgeois v. Dade County, 99 So.2d 575 (Fla. 1957). We agree with the trial judge that under the evidence in this case the jury could find that cross-appellant Henry Lee Mills was not a working partner or the employer of plaintiff Benjamin Cook and, therefore, was a co-employee.
Affirmed.
NOTES
[1] "(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of the employment, or that the injury was due to the contributory negligence or comparative negligence of the employee."