PER CURIAM.
This appeal is by the plaintiff below from a summary judgment in favor of James B. Joiner, one of the defendants in a wrongful death action.
The defendant Joiner was a truck farmer. As an individual, he was the employer of the plaintiff’s decedent Ellis J. Revere. Allegedly Revere’s death was caused by his unprotected exposure to a pesticide in the course of agricultural spraying thereof from a truck, operated by the employer Joiner, upon which the employee Revere was working; a result that was compensa-ble under workmen’s compensation.
The summary judgment in favor of the defendant Joiner is affirmed on the ground that a third party tortfeasor action against said employer was precluded by Section 440.11(1), Florida Statutes (1977).
The right of an injured employee protected by workmen’s compensation to maintain an action against a co-employee whose negligence caused his injury [Franz v. McBee *1215 Company, 77 So.2d 796 (Fla.1955)] is not applicable to an action against an employer. Here the individual employer Joiner was not a co-employee of the plaintiff’s decedent. In Cook v. Estate of Henry Lee Mills, 374 So.2d 599 (Fla. 3d DCA 1979), this court said:
“In the State of Florida, as elsewhere, the general rule holds true that ‘. the concept of “third persons,” against whom common-law actions may be brought for compensable injuries, includes all persons other than the injured person’s own employer; i. e.,; it includes co-employees, employers of employees working on the same project, and physicians whose malpractice aggravates the compensable injury.’ A. Larson, Workmen’s Compensation, Section 72.00 (Matthew Bender 1979).”
We hold to be misplaced, the reliance of the appellant on West v. Jessop, 339 So.2d 1136 (Fla. 2nd DCA 1976), as basis to make the employer Joiner liable to suit as being a co-employee of the plaintiff decedent. In West it was held that an officer of an employer corporation can be regarded as a co-employee and subject to suit by a com-pensable injured employee of the corporation, when the corporate officer “has committed an affirmative act of negligence [causing the plaintiff’s injury] which goes beyond the scope of the nondelegable duty of the employer to provide his employees with a safe place to work.” However, in West it was made clear that such an action against the corporate employer would be precluded by the statute. Here the action against the individual employer Joiner was precluded by the statute. Mularkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972).
Affirmed.