NESBITT, Judge.
While employed by Lavino Shipping Company (Lavino), Jackson was seriously injured when he was struck by a tractor being operated by a fellow servant. The tractor was owned by the defendant, Marine Terminals, Inc. (MTI).
After Jackson received benefits pursuant to the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C. §§ 901— 950 (1979) (LHWCA), he commenced this action against MTI for its common law liability by reason of ownership of the vehicle, a dangerous instrumentality. MTI’s motion for final summary judgment was granted and Jackson brought this appeal.
In support of the trial court’s order, MTI places heavy reliance upon Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla.1966) (adhered to in Iglesia v. Floran, 394 So.2d 994 (Fla.1981)). Smith held that the owner/lessor of a dangerous instrumentality is immune from suit when an employee of the lessee is injured by a fellow employee’s negligent operation of the dangerous instrumentality, and the injured servant collects workers’ compensation benefits pursuant to the statutory scheme.
Realizing that Smith sounds the death knell for his suit, Jackson seeks to distinguish it. He contends that Smith cannot apply here because in that case the plaintiff had been compensated by Florida’s workers’ compensation act, whereas Jackson received his benefits under the federal LHWCA. We are unimpressed by this argument.
It is true that the LHWCA does not prevent suits against third parties, viz. parties other than the employers or co-employees of a compensated plaintiff. 33 U.S.C. §§ 905(b), 933(i); Guidry v. Continental Oil Company, 640 F.2d 523 (5th Cir.), cert. denied, 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981); Mallard v. Aluminum Company of Canada Ltd., 634 F.2d 236 (5th Cir.), cert. denied, 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981). However, Jackson’s complaint against MTI invoked Florida common law and thus the Smith immunity. The rationale of the Smith decision evolved from policies which remain unaffected by the particular statutory source of the compensation benefits. In Smith, it was observed that “vicarious liability founded on the doctrines of dangerous instrumentality and respondeat superior is primarily for the protection of third party members of the public, rather than injuries sustained by fellow employees under workmen’s compensation from negligence inter se.” 182 So.2d at 424. The fact that Jackson’s benefits were obtained under a federal act poses no bar to the application of the Smith holding to his claim against MTI.
In a second attempt at distinguishing Smith, Jackson asserts that in the Smith case the dangerous instrumentalities were *884 leased to the plaintiff’s employer, while here Lavino merely borrowed the injurious tractor from MTI. As a basis for the legal difference in this distinction, Jackson directs our attention to LeSuer v. LeSuer, 350 So.2d 796 (Fla. 1st DCA 1977), wherein it was held that the owner/operator of a crane and his partner could not partake of the immunity of an employer by reason of Florida’s workers’ compensation law, where the crane had injured one of the employer’s servants. In declining to apply the Smith doctrine, the LeSuer court stated that “[Tjhere was no lease, so the crane was not ‘equivalent’ to one owned by [the employer].” 350 So.2d at 797.
The LeSuer case has no application to the present controversy. Despite the above-quoted dictum, LeSuer expressly left undecided “[a]ny question of the owner partners’ vicarious liability for [the] allegedly negligent operation of the crane, because of the dangerous instrumentality doctrine ... . ” 350 So.2d at 797. Additionally, even after drawing every possible inference in favor of Jackson, as we are required to do upon appeal from a summary judgment, Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.1977), it is obvious that the tractor which injured Jackson was not simply borrowed by Lavino; rather, it was the subject of a rental arrangement with MTI. The affidavit of the president of MTI stated that the subject tractor was rented, and incorporated by reference an invoice and rental agreement entered into between La-vino and MTI. The affidavit and incorporated exhibits left no doubt that there was a monetary consideration involved in the interchange of tractors from MTI to Lavi-no. Jackson filed his counter-affidavit to the effect that the tractor was “borrowed” by Lavino from MTI. Jackson’s affidavit made it quite clear that the tractor was the property of MTI, but it did not contradict the portion of MTI’s affidavit stating that a valuable consideration was paid in exchange for Lavino’s use of the tractor. Consequently, in this posture of the case, the trial court quite correctly relied upon the Smith decision.
We hold and hold only that under Florida law there is no liability of owners of dangerous instrumentalities to a worker injured by a fellow worker and compensated under the Longshoremen’s and Harbor Workers’ Compensation Act where the injured worker’s employer has tendered valuable consideration for use of the offending instrumentality.
Affirmed.