TILLMAN PEARSON (Ret.), Associate Judge.
The plaintiff appeals from a dismissal with prejudice of his second amended complaint for the wrongful death of his decedent. The defendants were a number of Thoni corporations, other than the one which employed the decedent. The negligence alleged is that the defendants failed in their duty to provide adequate security services which they had agreed to provide. It is further alleged that as a result of this negligence, the plaintiff’s decedent was fatally shot at the Thoni filling station where he was employed.
It is unclear why the complaint was dismissed, but defendants, appellees, have suggested: (1) that the complaint fails to allege any legally recognizable duty owed by the Thoni corporations to the decedent, and (2) that the workers’ compensation statute provides immunity to these corporations which had agreed to furnish the em *189 ployer with inspection and advisory services relating to safety of employees.
Before considering the possible bases for dismissal it should be noted that in argument counsel have referred to factual matters- which they say are a result of discovery. We have not considered these arguments because we have before us a judgment of dismissal on the pleadings.
The allegations of the complaint are that each of the corporations provided management and security services to decedent’s employer, employed supervisory personnel to inspect periodically the premises of the service station, and thus had a duty to all employees to provide a safe workplace or to inform decedent’s employer of the steps it could take to make the workplace safer. In Conklin v. Cohen, 287 So.2d 56 (Fla.1973), a construction case, the supreme court stated that an owner and an architect might be held liable in a third-party suit if they had participated in the construction to the extent that they directly influenced the manner in which the work was performed. The extent of the involvement of each of the corporations in the instant case is not determinable at this stage in the proceedings. Thus, the dismissal with prejudice can not be sustained upon the basis that the allegations of the complaint show that the duty alleged did not exist.
The argument that the defendant corporations were immune because of the provisions of the workers’ compensation statute can not be sustained under the law as set forth in Morris v. Bryan & Fletcher, Inc., 373 So.2d 407 (Fla. 4th DCA 1979), and in Greene v. Ivaco Industries, Ltd., 334 So.2d 347 (Fla. 1st DCA 1976). The immunity provision to which reference is made is found in section 440.11(2), Florida Statutes (1981).[1] The complaint alleges that the corporations provided management and security services. These services do not qualify the corporations for immunity because it does not appear from the pleadings that these services were incidental to the workers’ compensation or employer’s liability coverage.
The facts developed may determine the existence or nonexistence of the duty and of the claimed immunity. The dismissal of the complaint with prejudice was error.
Reversed and remanded.

. Section 440.11(2), Florida Statutes (1981), provides, as follows:
(2) An employer's workers’ compensation carrier, service agent, or safety consultant shall not be liable as a third-party tortfeasor for assisting the employer in carrying out the employer’s rights and responsibilities under this chapter by furnishing any safety inspection, safety consultative service, or other safety service incidental to the workers’ compensation or employers’ liability coverage or to the workers’ compensation or employer’s liability servicing contract. The exclusion from liability under this subsection shall not apply in any case in which injury or death is proximately caused by the willful and unprovoked physical aggression, or by the negligent operation of a motor vehicle, by employees, offi-' cers, or directors of the employer’s workers’ compensation carrier, service agent, or safety consultant.