Theodore A. **PROBST**, Appellant,

v.

**SOUTHERN STEVEDORING COMPANY, Inc.**, Appellee.

No. 23692.

United States Court of Appeals
Fifth Circuit.

June 29, 1967.

Pascal F. Calogero, Jr., New Orleans, La., for appellant.

James W. Hailey, Jr., Mouton, Roy, Carmouche & Hailey, New Orleans, La., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is a simple case. Simple in outline and simple in available choices. As so much today, this is more of the *Sieracki-Ryan-Yaka-Jackson*[1] wake. The question is briefly put: under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., is a general contractor a "third person" who may be sued by the injured employee of a subcontractor? Stated differently, does the general contractor have an employer's immunity which the Act expressly affords even though by judicial construction it is now something less positive than the words suggest? The District Court held the general contractor, a third person, had the employer's immunity and was therefore not a third person subject to being sued. We disagree and reverse.

As the decision went off on the pleadings and on motion for summary judgment raising the same thing, only a brief recital is necessary. The General Contractor[2] made a contract with the Shipowner to prepare for and load a cargo of

bulk grain on the SS DOROTHY BOYLAN. The General Contractor in turn contracted with the Subcontractor[3] to do a major part of the work. The Employee, employed by the Subcontractor, was injured when he fell into the hold through a false deck on which he was working. The false deck on which he was working and the feeder wall which he was constructing were made up of plywood sheets which had been furnished to the Subcontractor by the General Contractor pursuant to its contract with the Shipowner. The Employee brought two actions. One, on the civil side based on diversity, was against the Shipowner who in today's fashion, soon lashed out against the General Contractor and Subcontractor by impleader.[4] Ove Skou v. Hebert, 5 Cir., 1966, 365 F.2d 341, 1966 AMC 2223. The second was the instant libel in Admiralty against the General Contractor as to whom no diversity existed. The Court below, as we do here, read the libel as adequately charging the General Contractor with independent acts constituting negligence, unseaworthiness, or both, especially in the failure to supply proper plywood flooring.

Ours is solely a task of statutory construction. But that is a beguiling oversimplification. For from statutory language which in two groups is substantially similar, there are not less than four choices[5] made by the State Courts who

---

* Of the Second Circuit, sitting by designation.

1. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, 1946 AMC 698; Ryan Stevedoring Co., Inc. v. Pan-Atlantic SS Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, 1956 AMC 9; Reed v. S.S. Yaka, 1963, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, 1963 AMC 1373; Jackson v. Lykes Bros. S.S. Co., 1967, 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488.

2. Southern Stevedoring Company, Inc.

3. Atlantic & Gulf Stevedores, Inc.

4. We are told by the General Contractor's brief that the Subcontractor acceded to the Shipowner's demand and took over the defense of this case whereupon the

impleader against the General Contractor and the Subcontractor was dismissed on the Shipowner's motion. Whether this came from the Subcontractor reading the *Ryan* writing on the wall or for other reasons, we do not know, nor so far as we are able to discern is it of any significance. It does show, of course, that subrogation of the employer-carrier to the injured employee's third party claim is illusory as the pursuer soon becomes the pursued frequently with few or no defenses, and the prospect of liability unlimited in amount. See Strachan Shipping Co. v. Melvin, 5 Cir., 1964, 327 F.2d 83, 86, 1964 AMC 288 (dissent); Haynes v. Rederi A/S Aladdin, 5 Cir., 1966, 362 F.2d 345, 350-351, 1966 AMC 2024.

5. See 2 Larson, Workmen's Compensation § 72.50, at p. 184 (1952).

find, or claim to find, some policy factor now giving, now denying, literal application to literal terms.[6] Starting, and for that matter ending, with the statute as we must, there is no doubt at all about the right of the injured employee to bring the suit. The Act expressly accords this right and prescribes elaborate machinery for settlement, apportionment of recovery, and the like.[7] This right against the third party is extended to the employer if a self-insurer, or to his insurance carrier if insured.[8]

The problem arises out of the interplay of the provisions of the Act prescribing liability for compensation and the exclusiveness of the employer's liability. The employer is liable for compensation not only for his own direct employees but the employees of subcontractors where payment of compensation is not secured.[9] At the same time the liability of the employer for the payment of compensation "to the employee" or his successors is exclusive and supposedly in place of all other liability.[10]

The theory behind granting the general contractor the employer's immunity is that, liable under certain circumstances to the injured employee of the subcontractor, he has for all practical purposes an employer's liability for compensation. Indeed, under some statutes imposing a conditional liability to employees of subcontractors, some treat the general contractor as a "statutory employer." 2 Larson, Workmen's Compensation, §§ 72.30, 72.31 (1952). This being so, it is argued, since the general contractor has this potential compensation liability, it is not equitable for him also to bear the risk (and premium cost) for unlimited general liability damages to the same employee. The two main lines of decision—(1) general contractor may be sued, (2) the general contractor may not be sued—arise out of compensation statutes which, in turn, follow two principal divisions. In the first are those statutes which require the general employer or general contractor to see that any and all independent contractors or subcontractors carry compensation insurance or suffer statutory liability for compensation to the employees of the subcontractors. In the second category are those which directly impose liability on the general employer or the general

6. See the interesting analysis of how, in the viewpoint of one prestigious writer in this field, a court made black white. 2 Larson, Workmen's Compensation Law, § 72.32, at p. 178 (1952).

7. § 933. Compensation for injuries where third persons are liable.
   "(a) If on account of a disability or death for which compensation is payable under this chapter the *person entitled* to such compensation determines that some person other than the *employer* is liable in damages, he may elect, by giving notice to the deputy commissioner * * * to receive such compensation or to recover damages against *such* third person." (Emphasis added.)

8. See § 933(d), (e), (h); see note 4, supra.

9. § 904. Liability for Compensation.
   "(a) Every *employer* shall be liable for and shall secure the payment to *his employees* of the compensation payable under sections 907, 908, 909 of this title. In the case of an *employer* who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to *employees* of the *subcontractor* unless the subcontractor has secured such payment." (Emphasis added.)

10. § 905. Exclusiveness of Liability. "The liability of an *employer* prescribed in section 904 of this title shall be exclusive and in place of all other liability of *such employer* to the *employee*, his legal representative, * * * and anyone otherwise entitled to recover damages from *such employer* at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative * * * may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." (Emphasis added.)

contractor, as the case may be, for injuries to the employees of any independent contractors or subcontractors. Since we are neither seeking nor impressed for this purpose by headcount or any weight of authority, numerical or otherwise, nothing is to be gained in a close examination of either of the lines or the individual cases. Under the first type of statute, the state case law generally denies to the general contractor the employer's immunity and permits third party suit against him. Under statutes of the second kind imposing a direct liability, the cases with a good deal of good sense regard the general contractor as a vicarious employer and extend the employer's immunity to him.[11]

■ Additionally, some have suggested that since the purpose of statutes imposing a secondary liability of some character upon the general employer or general contractor for injuries to employees of subcontractors is to encourage employers in the subordinate levels to secure the necessary insurance, the rule which permits recovery against the general contractor where the subcontractor has obtained insurance, but which would be prohibited where the subcontractor obtained none, collides directly with the statutory policy. See 2 Larson, Workmen's Compensation, § 72.31 at p. 176 (1952). This approach carries little conviction under the Longshoremen's Act. Congress did not leave it to hierarchical inducement to assure that every employer subject to the Act becomes bound by, and qualified under, the Act. By express definition the Act covers every " * * * employer any of whose employees are employed in maritime employment, in whole or in part, * * *," § 902(4). This includes the subcontractor. Every

employer is made liable for and required to secure the payment of compensation to his employees. § 904 (note 9, supra). To secure, as § 904 requires, payment of compensation, the employer must either obtain and keep in force approved insurance coverage or qualify as a self insurer under applicable regulations. § 932. Payment of compensation benefits, § 914, furnishing medical services, § 907, and making reports, § 930, are automatically required of the employer under severe sanctions. §§ 918, 930. See Atlantic & Gulf Stevedores, Inc. v. Donovan, 5 Cir., 1960, 274 F.2d 794, 1960 AMC 1311, rehearing denied, 279 F.2d 75; cf. Employers Liab. Assur. Corp. v. Donovan, 5 Cir., 1960, 279 F.2d 76, cert. denied, 364 U.S. 884, 81 S.Ct. 165, 5 L.Ed.2d 105. And finally to cap it all, an employer failing to secure payment of compensation is guilty of a misdemeanor and subject to fine and imprisonment.[12] § 938.

■ This analysis and the structure of §§ 904, 905 (notes 9, 10, supra) add up to show that the provision imposing on the general contractor compensation liability to an employee of a subcontractor is a secondary, protective one. The subcontractor not only is compelled, as we have just shown, to qualify under the Act, but his failure to do so does not reduce his liability to his injured employee. To the contrary, the employee under § 905 has a fielder's choice. He has the right to a pre-*Yaka* suit for damages with no risk from defenses of fellow servant, assumed risk or contributory negligence. Or, if he wishes to eliminate all risks, he can demand payment of compensation under the terms of the Act. About the only time then that the injured worker has to pursue

---

11. See Annotation, Common Law Remedy Against General Employer by Employee of Independent Contractor or Against Independent Contractor by Employee of Subcontractor, as Affected by Specific Provisions of Workmen's Compensation Act Relating to Employees of such Persons, 151 ALR 1359 (1944), supplemented

166 ALR 813 (1947). See also Larson, Workmen's Compensation Law, §§ 72.30, 72.31, p. 175.

12. See also § 937, which makes it a crime for a "stevedoring firm" to enter into a contract with a shipowner without presenting a certificate of compliance with the Act.

the general contractor under § 904 is when the subcontractor has failed to secure payment of compensation with an approved insurance carrier, § 932, and the subcontractor is financially unable to respond for compensation benefits. The purpose of § 904 is to effectually assure payment of benefits. The general contractor has a secondary, guaranty-like liability. The Act does not make the general contractor the "employer." It is only the "employer" who can get under the immunity umbrella of § 905.

And certainly at this late date a holding narrowing, withdrawing, or restricting the rights of an injured ambiguous-amphibious worker would be stemming the strong judicial tide. Thus *Sieracki's* cautious statement that the Act "had no purpose or effect to alter the [worker's] rights as against any but his employer alone," 328 U.S. 85, 102, 66 S.Ct. 872, 881, 90 L.Ed. 1099, 1110, has now been overtaken by *Yaka's* unlimited in rem employer liability for unseaworthiness followed most recently by *Jackson* for in personam liability.[13] And the action of Congress, surely aware of the dynamic developments in this field of law,[14] flow in the same direction.[15]

We therefore reach the same conclusion as the only two earlier cases did. Thomas v. George Hyman Constr. Co., D.C.D.C.1959, 173 F.Supp. 381, and Liberty Mut. Ins. Co. v. Goode Constr. Co., E.D.Va.1951, 97 F.Supp. 316 (each under the District of Columbia statute which incorporates the Longshoremen and Harbor Workers Act). We leave open, however, as unnecessary to this decision the question of what ought to be done if the general contractor, or general employer, is actually required to pay compensation benefits to the injured employee of the subcontractor under § 904.[16]

Reversed.

13. The employer's exclusive compensation liability, § 905, presumably still stands for a non-shipowner employer of the longshoreman. Watson v. Gulf Stevedore Corp., 5 Cir., 1967, 374 F.2d 946 [Mar. 28, 1967].

14. Hearings were held June 26–28, 1961, and Feb. 20–21, 1962, before the Subcommittee on Merchant Marine of the House Committee on Merchant Marine and Fisheries, on the question of whether Title 46, USC, should be amended to provide for restrictions on the liability of shipowners in suits by third parties based upon the warranty of seaworthiness. See House Report No. 1515 on H.R. 207, 87th Cong., 2d Sess. No bill was enacted.

15. See the 1959 amendments adding § 933 (i): "The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer."

Amended August 18, 1959, Public Law 86–171, 73 Stat. 391.

Although the purpose was ostensibly to reduce the number of those who would qualify as a "third party" this was carefully confined to fellow employees of the injured worker presumably to avoid the embarrassing predicament of a third party *Ryan* idemnity impleader by the shipowner against the injured worker's fellow employee, frequently a star witness, often the one whose action with or without negligence brought the asserted unseaworthiness into play and whose conduct breached the contractor-employer's WWLP. United States Lines Co. v. Williams, 5 Cir., 1966, 365 F.2d 332, 1966 AMC 2418. See 1959 U.S.Code Cong. & Admin.News p. 2134.

16. See 2 Larson, Workmen's Compensation, § 72.31 (1952). "The most extreme holding on this point is the Wisconsin and New York ruling that the general contractor remains liable to a common law suit even if he is also liable for compensation, his only comfort being that the amount of the compensation is deducted from the damages to prevent a double recovery."