**Beulah Voisin CHAMPAGNE et al.,
Plaintiffs-Appellants,**

v.

**PENROD DRILLING COMPANY,
Defendant-Appellee.**

No. 71-3204.

United States Court of Appeals,
Fifth Circuit.

July 31, 1972.

Wilson M. Montero, Jr., John R. Martzell, New Orleans, La., for plaintiffs-appellants.

W. K. Christovich, New Orleans, La., for Penrod.

Lawrence J. Ernst, New Orleans, La., W. Gerald Gaudet, Lafayette, La., for Terrebonne.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

In her petition for rehearing and suggestion for rehearing en banc Beulah Voisin Champagne notes that this court erred in characterizing her action as one for damages under the Death on the High Seas Act. Although the complaint as originally filed sought damages under the Death on the High Seas Act, this court did fail to indicate that following the Supreme Court decision in Rodrigue v. Aetna Casualty and Surety Company, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969) the complaint was amended so as to base jurisdiction exclusively on diversity of citizenship and to seek recovery solely under Louisiana law.

This fact however in no way alters the result in this case. We remain of the view that whether LeBlanc be labeled a borrowed, rented or loaned employee the district court correctly applied the legal standards in determining that LeBlanc was an employee entitled to the benefits of the compensation statute against Penrod, but subject to the limitation imposed. Our decision in Probst v. Southern Stevedoring Company, 379 F.2d 763 (5th Cir. 1967) is clearly distinguishable from the present case because of the substantial difference in the relationship between the injured employee and the general contractor in that case and LeBlanc and Penrod here. To the extent indicated our opinion of April 25, 1972, 459 F.2d 1042, is amended.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.