287 So.2d 108 (1973)
C & S CRANE SERVICE, INC., and Travelers Insurance Company, a Connecticut Corporation, Appellants,
v.
Frank NEGRON, Appellee.
No. 73-434.
District Court of Appeal of Florida, Third District.
December 11, 1973.
Rehearing Denied January 17, 1974.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellants.
Nachwalter & Falk, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants appeal an adverse final judgment entered pursuant to a directed verdict on the issue of liability and a jury verdict on the issue of damages in favor of plaintiff.
The facts which are before the court are as follows: Palm Springs Gardens, Inc. contracted with the M. Hersman Construction Company to construct the skeletal portion of an apartment building. That contract provided in part that (1) the owner, Palm Springs Gardens, Inc., was acting *109 as general contractor, (2) M. Hersman Construction was not obliged to act as general contractor, (3) Hersman Construction as a service to the owner would obtain a work permit from the city for performance of all of the work on the job site, and (4) the owner agreed to indemnify and hold harmless Hersman Construction for any liability or cause of action brought against Hersman as a result of obtaining the work permit or as a result of any subcontractor, government agency or other person suing or bringing claim against Hersman Construction in some manner arising out of the procuring of the work permit. Palm Springs Gardens, Inc. individually contracted with an electrician and a plumber. Hersman Construction orally contracted with Seacoast Steel for the installation of the steel frame, with Express Concrete for the pouring of the concrete and with the appellant, C & S Crane, for the rental of a crane and a crane operator.
Plaintiff-appellee, Frank Negron, was employed by Seacoast Steel as an iron worker on the job site. While working, plaintiff received injuries when the crane operated by an employee of the appellant, C & S Crane, moved too quickly and knocked over a portion of a concrete wall onto him. Plaintiff, joined by his wife, filed an amended complaint for damages against C & S Crane Service, Inc. and its insurer, Travelers Insurance Company. At the close of the defendants' case, both parties moved for a directed verdict. The defendants argued that M. Hersman Construction was a general contractor and, therefore, all subcontractors were immune from liability. Plaintiff's motion for directed verdict on the issue of negligence was granted by the trial court and the issue of damages was submitted to the jury which returned a verdict of $28,000 for the plaintiff and $1,000 for his wife. Thereafter, defendants filed motions for new trial and for judgment in accordance with directed verdict. These motions were denied and this appeal ensued.
Appellants contend that the trial court erred in directing a verdict in favor of plaintiff on the issue of liability where the evidence showed that Hersman Construction was operating in fact as a general contractor within the meaning of Fla. Stat. §§ 440.10(1) and 440.11(1), F.S.A., was responsible for providing workmen's compensation coverage for his subcontractors, and Hersman's immunity from suit flowed to his subcontractors, including appellant, C & S Crane. We disagree.
A review of the record in the case at bar substantiates the fact that Palm Springs Garden, Inc. was the owner-builder. Further, we find that the contract between Hersman Construction Company and Palm Springs Garden is that of an owner and an independent contractor rather than between a true contractor and "subs" which is necessary for workmen's compensation immunity. See Smith v. Ussery, Fla. 1972, 261 So.2d 164. Thus, appellants became subject to a common law suit for negligence under the circumstances in the case sub judice where the construction was undertaken with independent contractors who were engaged to perform portions of the work and the plaintiff, an employee of one such independent contractor, was injured in the course of such work by an employee of defendant-appellant C & S Crane, another independent contractor. See Jones v. Florida Power Corporation, Fla. 1954, 72 So.2d 285; Cromer v. Thomas, Fla.App. 1960, 124 So.2d 36; Floyd v. Flash Welding Company, Fla.App. 1961, 127 So.2d 129; and State v. Luckie, Fla.App. 1962, 145 So.2d 239.
Accordingly, the judgment of the trial court is hereby affirmed.
Affirmed.