370 So.2d 863 (1979)
Paul McDONALD and Virginia McDonald, Appellants,
v.
WILSON WELDING WORKS, INC., and Hartford Accident and Indemnity Company, Appellees.
No. LL-17.
District Court of Appeal of Florida, First District.
May 17, 1979.
William A. Bald, of Pajcic, Pajcic & Dale, Jacksonville, for appellants.
E. Robert Williams, of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
PER CURIAM.
Affirmed. See Rhines v. Ploof Transfer Company, 344 So.2d 1309 (Fla. 1st. DCA 1977).
MILLS, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.
ERVIN, J., specially concurs.
*864 ERVIN, Judge, specially concurring.
I concur in affirming the lower court's summary judgment holding Wilson Welding not subject to a common law action in tort because of the immunity provided by the Workmen's Compensation Act. I do not believe, however, that the majority's reliance upon Rhines v. Ploof Transfer Company, 344 So.2d 1309 (Fla. 1st DCA 1977) is dispositive of the issue raised by appellant. Paul McDonald, an employee of Steelcon, Inc., a structural steel contractor on a construction project in Jacksonville, Florida, was injured during the course of his employment when struck by the "headache ball" of a crane operated by an employee of Wilson Welding Works. After collecting workmen's compensation benefits from his employer, McDonald sued Wilson contending that under the statute as it existed at the time of his injury, May 12, 1975, Wilson was a subcontractor and therefore not absolved from an action at law.
Prior to its amendment, Section 440.10, Florida Statutes (1973), generally provided:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Section 440.10 was amended by Chapter 74-197, Section 6, Laws of Florida, effective October 1, 1974, by adding in part the following sentence:
A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
McDonald contended that both Steelcon and Wilson Welding were subcontractors, and, due to the statute's amendment, the fact that Wilson obtained workmen's compensation benefits from Steelcon did not bar him from bringing a common law action in tort against Wilson Welding. The lower court concluded that Wilson was not a subcontractor, found that both the crane operator and McDonald were fellow servants, that Wilson was entitled to immunity under the Workmen's Compensation Act, and entered summary judgment for Wilson Welding and its insurer.
This is a case of first impression involving the amendment to Section 440.10(1). Rhines v. Ploof Transfer Co., Inc., supra, did not involve any construction of the statute as amended. Nor did it determine whether the defendant Ploof, the employer of a towboat operator whose alleged negligence caused injuries to Rhines, an employee of McGiffin and Company, Inc., was a subcontractor. It simply concluded that the plaintiff's employer, McGiffin, was employer of both Rhines and the allegedly negligent tow motor operator, that both were fellow employees by law; therefore Ploof was not subject to Rhines' common law action.
From a superficial standpoint, both Steelcon and Wilson Welding may be said to be subcontractors. Todd Construction Company, the general contractor, contracted to build a restaurant in Jacksonville. Todd subcontracted the structural steel portion of the work to Owens Steel Company, which in turn subcontracted the steel erection work to McDonald's employer, Steelcon. It was necessary, in order for Steelcon to perform its contractual duties, for it to lease a crane and operator from Wilson, who worked under the direction and supervision of Steelcon's foreman. Before it can be held, however, that Wilson's immunity from suit is now abolished, it is first necessary to examine not only the vertical relationships between Todd and Steelcon but the contractual arrangement between Steelcon and Wilson. If both were independent of the other in their employment relationship, appellants' point, in my opinion, is well taken and Section 440.10 would now subject Wilson to *865 a suit in tort. The record, however, shows a dependent relationship between Wilson Welding and Steelcon. Notwithstanding their lessor-lessee contract, Steelcon may be said to have been in fact the general contractor and Wilson Welding the subcontractor. Thus there is a vertical relationship between the two.
[T]here is nothing immutable in the designations "general contractor" and "subcontractor" because a contractor may be a sub in one piece of work and a general in another, or even when a sub has a sub under him, so that he is both a sub and a general at the same time, depending on who is looking at him and for what purpose. Alpert & Murphy, Florida Workmen's Compensation, § 3-6, 101 (3d ed. 1978). (e.s.)
Wilson's crane operator did not perform any work other than that which was directed by Steelcon. Moreover the contract between Owens and Steelcon required that Steelcon provide workmen's compensation to its employees within the statutory limits. The degree of control exercised by Steelcon over Wilson Welding's operations is, in my view, the determinative factor. As stated in Smith v. Poston Equipment Rentals, 105 So.2d 578, 579 (Fla. 3d DCA 1958):
The appellant urges that in order to apply section 440.11, supra, and thereupon find that workman's compensation was the exclusive remedy, the trial judge was required to find that Poston, who lent the men and equipment, was a subcontractor under section 440.10(1), supra. We do not think that such a finding is a necessary step to affirm the order of the trial judge. If the men, who were lent as a part of the rental contract, were actually engaged in the construction process and under the direction of the general contractor, they were, for the purposes of this action statutory fellow servants under a "common employer", who was liable to secure the payment of workman's compensation for all of them.
The trial judge made findings both that Wilson Welding was not a subcontractor and that its operations under Steelcon's direction "were an integral part of Steelcon's responsibilities ... under the terms of its contract... ." I disagree with the finding that Wilson Welding was not a subcontractor. A subletting means "to pass on to another an obligation under a contract for which the person so `subletting' is primarily obligated." Jones v. Florida Power Corporation, 72 So.2d 285, 289 (Fla. 1954). Since Steelcon had contracted with Owens to erect steel at the construction site, Steelcon necessarily "sublet" part of its contractual obligation to Wilson Welding. The function of its leased crane was to lift and hold in place steel posts which were to be welded by employees of Steelcon.
Even if we found that Wilson Welding was a subcontractor, this would still have no effect on Wilson's immunity from suit because Steelcon was the statutory employer for both its employees and Wilson's crane operator. Since the parties' contractual association was in effect that of a general contractor to a sub, then the Act imposes the duty upon the general  Steelcon  to secure compensation for Wilson's employees. Cf. Jones v. Florida Power Corporation, supra at 287. And if the plaintiff and Wilson's employee "were `engaged in the same contract work' under a `common employer', then ... [Wilson Welding] is immune from suit by the plaintiff for the negligence of its employee... ." Id. at 287-288.
The amendment to Section 440.10(1) applies, in my opinion, to entities that stand in an independent  or horizontal  relationship with the other. Thus the amendment would now affect those subcontractors who were formerly held exempt from suit, such as in Miami Roofing and Steel Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950) and Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967), where, although the relationships between subs were entirely independent, the court held the sub who employed the allegedly negligent employee was immune because it was the general contractor's responsibility by law to secure compensation to the employees of all his subs. Therefore all employees of subcontractors under the *866 general were deemed fellow employees regardless of the subcontractors' contractual relationships with one another.[1]
I conclude that it is now necessary to examine the contractual link between the employer of the injured plaintiff and the employer of the alleged negligent employee to determine whether the amendment to Section 440.10(1) has any applicability. If their relationship is necessarily dependent, the employer's immunity from common law suit remains unaffected by the amendment. Since the record before us shows the course of dealing to be so, I concur in affirming the summary judgment.
NOTES
[1] At least one commentator has observed that the above rule no longer has any application because of the amendment. Alpert and Murphy, supra, § 3-6 at 102.