381 So.2d 1356 (1980)
Robert FAVRE, Appellant,
v.
CAPELETTI BROTHERS, INC., a Florida Corporation, and Liberty Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 55201.
Supreme Court of Florida.
March 27, 1980.
*1357 Michael P. Maguire of Maguire & Friend, Miami, for appellant.
Kevin P. O'Connor of Magill, Sevier & Reid, Miami, for appellees.
OVERTON, Justice.
This is a direct appeal from a summary judgment entered by the trial court, holding that an employee of a subcontractor who received workmen's compensation for an injury could not separately sue the general contractor. In doing so, the trial court expressly upheld the constitutionality of sections 440.10 and 440.11, Florida Statutes (1977). We have jurisdiction.[1]
The facts of this case are not in dispute. Appellant Robert Favre filed a civil action against the appellee, Capeletti Brothers, Inc., the general contractor on a bridge. Appellant was working on the bridge as an employee of Crow-Bagwell, Inc., a subcontractor of Capeletti Brothers. The appellant-employee alleged the general contractor negligently caused his injury. The appellant-employee has obtained full workmen's compensation benefits from the workmen's compensation coverage provided by his employer, Crow-Bagwell, Inc. In response to the appellant's complaint, Capeletti Brothers filed a motion for summary judgment, contending that workmen's compensation was the appellant's exclusive remedy. The trial court agreed and granted the summary judgment, expressly holding sections 440.10 and 440.11, Florida Statutes (1977), constitutional. Appellant contends Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), is applicable and requires this Court to hold sections 440.10 and 440.11 unconstitutional as applied to appellant. We reject this contention and find the factual circumstances totally dissimilar. Our decision in Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), governs this factual situation. See also Smith v. Ussery, 261 So.2d 164 (Fla. 1972). We affirm.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.