GLICKSTEIN, Judge.
Ronald Motchkavitz and Joan Motchka-vitz, his wife, together with Zuckerman & Vernon Corporation appeal from a summary final judgment in favor of L. C. Boggs Industries, Inc. We affirm.
*260 The record discloses that Zuckerman was the owner of property in Hallandale on which Gulfstream Garden Apartments, a condominium, was being constructed in 1972. In order to construct the project, Zuckerman used the general contractor’s license of its vice president, Arthur Siegel, to secure the required permit and entered into separate contracts with different contractors for the plumbing, concrete, electrical, and other work. Specifically, Zucker-man engaged May Plumbing Company, Inc., for the plumbing work; May, in turn, contracted with L. C. Boggs Industries, Inc., for catch basins. On November 20, 1972, a backhoe operated by a Boggs’ employee struck and injured Ronald Motchkavitz, an employee of May. Motchkavitz received workmen’s compensation benefits from May and its insurer, and brought the present action, joined by his wife, against Zucker-man, Boggs and Faber, the allegedly negligent employee of Boggs. Boggs moved for summary judgment on the ground that workmen’s compensation was the exclusive remedy available to Motchkavitz. The trial court agreed.
The sole issue on appeal is whether the statutes in effect at the time of the accident precluded an action for damages by an employee of a contractor against his employer’s subcontractor for the negligence of one of the subcontractor’s employees when the contractor has secured payment of workmen’s compensation benefits for its injured employee. We conclude that they did.
The governing statutes, Sections 440.10(1) and 440.11(1), Florida Statutes (1971), provide as follows:
440.10 Liability for compensation. — (1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
* * * * * *
440.11 Exclusiveness of liability. — (1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.
At oral argument counsel for the Motch-kavitzes conceded that May was a “contractor” within the language of the above statutes. Nevertheless, appellants argue that the statutes only immunize a contractor, not a subcontractor, and should be narrowly construed because they are in derogation of the employee’s right to sue for his injuries. Trail Builders Supply Co. v. Reagan, 235 So.2d 482 (Fla.1970). They further argue that judicial precedent has extended immunity to a subcontractor only when there was a general contractor involved, Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. *261 690 (1940)[1] and has rejected immunity when there were — as here — an owner-builder and an independent contractor, C & S Crane Service, Inc. v. Negron, 287 So.2d 108 (Fla.3d DCA 1973), cert. denied, 296 So.2d 49 (Fla.1974). Appellants chronicle numerous decisions.[2]
We hold that in determining whether a subcontractor may be sued for injuries sustained by an employee of its contractor, it is totally irrelevant whether the contractor is a “general” or “independent” contractor. The statutes in question use neither term. All that must be established is the relationship of contractor and subcontractor. Sub judice, May was plainly a contractor; it had a contractual obligation to the property owner, a portion of which it sublet to another. Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954). Boggs was clearly May’s subcontractor. Nothing more should be required to afford Boggs the umbrella of immunity which May enjoys. Conklin v. Cohen, 287 So.2d 56 (Fla.1973). The employees of both should be on an equal footing.
Because we believe the issue involved herein to be a matter of great public importance we certify the following question to the Supreme Court:
CAN THE EMPLOYEE OF A “CONTRACTOR,” HAYING RECEIVED WORKMEN’S COMPENSATION BENEFITS FROM HIS EMPLOYER, SUE HIS EMPLOYER’S SUBCONTRACTOR FOR DAMAGES ARISING OUT OF THE NEGLIGENCE OF THE LATTER’S EMPLOYEE?
We also certify the entire case to the Supreme Court on the basis that it is in direct conflict with the decision from the Third District in C & S Crane Service, Inc. v. Negron, supra.
AFFIRMED and CERTIFIED.
LETTS, C. J., and HURLEY, J., concur.

. See also Favre v. Capellitti Brothers, Inc., 381 So.2d 1356 (Fla.1980).

. Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840 (Fla.1950), (Held: action not maintainable by employee of one subcontractor against other subcontractor; both subcontractors were under one general contractor); Brickley v. Gulf Coast Constr. Co., 153 Fla. 216, 14 So.2d 265 (1943), (Held: action not maintainable by widow of employee of subcontractor against general contractor); Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940), (Held: action not maintainable by employee of general contractor against subcontractor).
Conklin v. Cohen, 287 So.2d 56 (Fla.1973), (Held: action by widow of deceased employee maintainable against property owner; also against architect if his contract was with owner but not if contract was with employer; not maintainable against engineers whose “contract was with the general contractor”).
Smith v. Ussery, 261 So.2d 164 (Fla.1972), (Held: action maintainable by employee of independent contractor against another independent contractor); Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), (Held: action maintainable by employee of independent contractor against another contractor who was designated as general contractor in its contract with owner and who performed certain portion of construction work, and against owner); State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA 1962), cert. denied, 148 So.2d 278 (Fla.1962), (Held: action maintainable by employee of independent contractor against owner-builder); C & S Crane Service, Inc. v. Negron, 287 So.2d 108 (Fla.3d DCA 1974), cert. denied, 296 So.2d 49 (Fla.1974); (Held: action maintainable by employee of subcontractor of independent contractor against another subcontractor of same independent contractor); Cromer v. Thomas, 124 So.2d 36 (Fla.3d DCA 1960), cert. discharged, 135 So.2d 420 (Fla.1961), (Held: action maintainable by employee of city against independent contractor).