396 So.2d 811 (1981)
Jessie WILLIAMS, Jr., Appellant,
v.
CORBETT CRANES, INC., a Florida Corporation, Travelers Indemnity Company of America, Travelers Indemnity Company of America, Travelers Indemnity Company of Rhode Island and Bucyrus-Erie Company, Appellees.
No. 80-930.
District Court of Appeal of Florida, Fifth District.
April 8, 1981.
*812 David M. Hammond, of Meyers, Mooney & Adler, P.A., Orlando, for appellant.
W. Marvin Hardy, III, of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
SHARP, Judge.
Williams appeals from a summary final judgment denying him any recovery because he was barred from suing the appellees by sections 440.10 and 440.11 of the Workmen's Compensation Law, Florida Statutes (1973).
Williams was injured in 1973 while employed by the Paul Smith Construction Company, a contractor, on a construction job in Volusia County. To assist with this construction job, Paul Smith subcontracted the crane work to Corbett Cranes, Inc. While this subcontractor's employee was operating the subcontractor's crane to move a large concrete slab from a truck to the building under construction, the crane tipped causing the slab to strike Williams. Williams collected workmen's compensation benefits and then instituted the underlying suit for damages. We affirm the trial court's summary judgment as being consistent with Florida case law, but we agree with the Fourth District Court of Appeal that the issue involved is one of great public importance. Motchkavitz v. L.C. Boggs Industries, Inc., 384 So.2d 259 (Fla. 4th DCA 1980).
The Legislature, in enacting the provisions of Chapter 440, abrogated the common law and made workmen's compensation the exclusive remedy for certain injured employees. § 440.11(1), Fla. Stat. (1973).[1] Employers are required to secure compensation for employees, and where a contractor sublets part of his contract work, the employees of a subcontractor are *813 deemed to be employed in one and the same business. § 440.10(1), Fla. Stat. (1973).[2]
This causes both the employees of the general contractor and the employees of a subcontractor to be statutory "fellow servants," with no employee having any greater rights than any other employee. See Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940). Where the contractor provides workmen's compensation for these employees, he is immune from suit and this immunity inures to the subcontractors. Powell v. Independent Construction Company, 396 So.2d 725 (Fla.5th DCA 1981); Smith v. Poston Equipment Rentals, 105 So.2d 578 (Fla.3d DCA 1958). Accord, Rhines v. Ploof Transfer Co., Inc., 344 So.2d 1309 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 187 (Fla. 1978); Kolarik v. Rodgers Bros. Service, Inc., 268 So.2d 187 (Fla. 2d DCA 1972), cert. denied, 272 So.2d 526 (Fla. 1973).
Because our interpretation of sections 440.10 and 440.11 immunizes this subcontractor from suit in derogation of Williams' right to sue for his injuries, we believe this issue is a matter of great public importance. We therefore join our sister court[3] and certify the following question to the Supreme Court:[4]
CAN THE EMPLOYEE OF A `CONTRACTOR' HAVING RECEIVED WORKMEN'S COMPENSATION BENEFITS FROM HIS EMPLOYER, SUE HIS EMPLOYER'S SUBCONTRACTOR FOR DAMAGES ARISING OUT OF THE NEGLIGENCE OF THE LATTER'S EMPLOYEE?
AFFIRMED and CERTIFIED.
FRANK D. UPCHURCH, JR., and COWART, JJ., concur.
NOTES
[1] Section 440.11(1) provides:

The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if any employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.
[2] Section 440.10(1) provides:

Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
[3] 384 So.2d 259 at 261.
[4] See Fla.R.App.P. 9.030(a)(2)(v).