398 So.2d 863 (1981)
Evelyn M. FIORE, As Administratrix of the Estate of John Anthony Fiore, Deceased, Appellant,
v.
ROYAL PAINTING COMPANY, INC., and RCA Service Company, Appellees.
No. 80-1186.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Rehearing Denied June 3, 1981.
*864 Arthur Roth, Miami, for appellant.
Marlow, Shofi, Orthmayer, Smith, Connell & Valerius and Claudia B. Greenberg, Miami, for appellees.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The issue before us today one which was left open by Judge Brown in Probst v. Southern Stevedoring Company, 379 F.2d 763 (5th Cir.1967). In that case, it was held that the Longshoremen's and Harbor Workers' Compensation Act (the Act) did not make the general contractor an employer for the purpose of common law liability. It was subsequently decided in Smith v. Chevron Oil Company, 517 F.2d 1154 (5th Cir.1975) that the Act did not immunize or exclude general contractors from common law suits. In Probst, the unanswered question was stated as follows:
We leave open, however, as unnecessary to this decision the question of what ought to be done if the general contractor, or general employer, is actually required to pay compensation benefits to the injured employee of the subcontractor under Section 904.
379 F.2d at 767.
In this appeal, Royal Painting Company, appellee (Royal) was a subcontractor for RCA Service Company (RCA) on a project to erect a tower at a naval base on Andros Island in the Bahamas. Under its contract, Royal was required to provide proof of insurance coverage for Workmen's Compensation under the Longshoremen's and Harbor Workers' Compensation Act, Section 33 U.S.C.A. § 901 et seq., by virtue of the Defense Base Act, 42 U.S.C.A. § 1651 et seq. Prior to the accident which is the subject of this appeal, Royal's insurance lapsed. RCA's contract with Royal did not require Royal to give notice of lapse or cancellation.
Plaintiff's decedent was killed when he fell some fifty feet from the tower upon which he was working. Because of Royal's lack of compensation insurance, RCA, as general contractor, commenced paying direct benefits to the decedent's widow and children. The decedent's personal representative commenced this action for wrongful death under Section 33 U.S.C.A. § 905 of the Act.[1] After the matter was at issue, RCA filed a motion for summary judgment claiming to be a "statutory employer" by *865 reason of having paid the compensation benefits to the decedent's widow and children and therefore was immune from this action. The motion for summary judgment was granted, and this appeal ensued. We reverse.
At the outset it should be borne in mind by the reader that we are here concerned with the construction of federal statutes and this decision in no way has an impact upon Workmen's Compensation claims or collateral suits in the Florida court system. Favre v. Capeletti Brothers, Inc., 381 So.2d 1356 (Fla. 1980).
The fact that the general contractor had or had not taken out insurance is not dispositive of the present case. The statute requires the subcontractor to carry compensation insurance for the benefit of its employees and when it fails to do so, the general contractor must provide secondary protection for the employees.[2]Probst v. Southern Stevedoring Company, supra. The design of the law is to protect the employee and not to create immunity for the general contractor. Any other reading would not promote the intent of the Act and would reward a general contractor for failing to attend to its duty to assure that its subcontractor has the requisite coverage. Granting immunity to a general contractor which has provided secondary coverage on which a claim was made would economically reward it by permitting it to reap the extra profits by accepting a low-bidding subcontractor which deliberately failed to purchase or to continue in effect the required insurance coverage. The intent of Section 904 of the Act was to ensure payment and not to change the general contractor's status to an "employer." Probst v. Southern Stevedoring Company, supra. Only the actual employer (in this type of situation, a complying subcontractor) may get under the immunity umbrella of § 905. Our reliance upon Probst and the reasoning contained in Smith v. Chevron Oil Company, supra, leads to the inevitable conclusion that RCA is not entitled to this immunity and, under the posture of the motion for summary judgment, is considered to be a third party for which reason the summary judgment in its favor must be reversed. Should it be determined that RCA's negligence contributed to the decedent's death and an award of damages be obtained, then RCA would be entitled to a setoff for any and all benefits already paid as compensation.
Reversed and remanded.
NOTES
[1] § 905. Exclusiveness of liability

(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.
[2] § 904. Liability for compensation

(a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.
(b) Compensation shall be payable irrespective of fault as a cause for the injury.