399 So.2d 57 (1981)
George C. CHASE, Appellant,
v.
Christopher J. TENBROECK, Individually and Christopher J. Tenbroeck D/B/a Chris Tenbroeck's Crane Rental and Northfield Insurance Company, Appellees.
No. 80-457.
District Court of Appeal of Florida, Third District.
May 26, 1981.
Rehearing Denied June 17, 1981.
*58 Jon W. Burke and Linda Dakis, Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The nature of immunity conferred on a subcontractor by the Workmen's Compensation Act, section 440, Florida Statutes (1975) in a negligence action brought by an injured construction worker is the subject of this appeal. We agree with the trial court and hold that appellees were subcontractors in a dependent vertical relationship with the subcontractor that employed the injured worker and are therefore immune from liability under this statute.
In 1976 SAC Construction Company, general contractor[1] for the construction of a warehouse, engaged Independent Steel Erectors, Inc. as subcontractor for erecting steel. Independent Steel hired Chris Tenbroeck's Crane Rental to lift the steel. George Chase, an employee of Independent Steel, was injured when he fell between twenty and thirty feet after Christopher Tenbroeck, the sole proprietor of the crane rental company, lowered metal decking onto joists which collapsed. Appellant collected workmen's compensation benefits from Independent Steel Erectors. In a suit against Christopher Tenbroeck and Chris Tenbroeck's Crane Rental and their insurer, appellant Chase sought damages predicated upon Christopher Tenbroeck's negligence. At the close of plaintiff's case, the trial court ruled that:
[T]he defendants are immune to liability due to the exclusive remedy of the plaintiff under the Workmen's Compensation Act.
The trial court directed a verdict and entered summary judgment in favor of appellees.
Chris Tenbroeck's Crane Rental was not an employee of the steel erector; it was a subcontractor hired to perform part of the work for which Independent Steel contracted. See Motchkavitz v. L.C. Boggs Industries, Inc., 384 So.2d 259 (Fla.4th DCA 1980); C & S Crane Service, Inc. v. Negron, 287 So.2d 108 (Fla.3d DCA), cert. denied, 296 So.2d 49 (Fla. 1974). Central to our decision in this appeal is a determination concerning whether Christopher Tenbroeck and Chris Tenbroeck's Crane Rental were statutory employees of a "common employer", that is, subcontractors amenable to suit under sections 440.10 and 440.11, Florida Statutes (1975).[2]
Formerly section 440.10(1) provided:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of *59 compensation to all such employees, except to employees of a subcontractor who has secured such payment.
The legislature amended section 440.10(1) in 1974 by adding:
A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s.440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.[3]
Section 440.11 provides in part:
(1) The liability of an employer prescribed in s.440.10 shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or on admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee.[4]
In the case of first impression, McDonald v. Wilson Welding Works, Inc., 370 So.2d 863 (Fla.1st DCA 1979), Judge Ervin, specially concurring, discussed and interpreted the amendment and its application. Although upon casual observation the amendment appeared to change the exclusive status of the worker's compensation remedy by providing an injured worker with an additional source for recovery of damages, Judge Ervin, in McDonald, analyzed pending litigation and reached a different conclusion. According to his reasoning, section 440.10 authorizes claims against subcontractors by employees of another subcontractor only if the employers are independent (horizontal) subcontractors. If, however, one subcontractor is dependent on the other subcontractor, immunity still exists. The degree of control exercised by one subcontractor over the other is the determinative factor.
The degree of control exercised by Steelcon over Wilson Welding's operations is, in my view, the determinative factor. As stated in Smith v. Poston Equipment Rentals, 105 So.2d 578, 579 (Fla.3d DCA 1958):
The appellant urges that in order to apply section 440.11, supra, and thereupon find that workman's compensation was the exclusive remedy, the trial judge was required to find that Poston, who lent the men and equipment, was a subcontractor under section 440.10(1), supra. We do not think that such a finding is a necessary step to affirm the order of the trial judge. If the men, who were lent as a part of the rental contract, were actually engaged in the construction process and under the direction of the general contractor, they were, for the purposes of this action statutory fellow servants under a "common employer", who was liable to secure the payment of workman's compensation for all of them.
McDonald v. Wilson Welding Works, Inc., supra, 370 So.2d at 865. We therefore conclude that questions of independent versus dependent status and horizontal versus vertical status are to be decided by reference to one subcontractor's control over the other subcontractor.
*60 Work on behalf of a "common employer" engaged in the same contract work is the basis for statutory immunity because the contractual association of contractor to subcontractor brings the contractor under the requirements of the Act mandating that he secure compensation for the subcontractor's employees. The contractor who has the primary contractual obligation to construct, and who and sublets portions of the work, is a contractor within the meaning of section 440.10 and thus is the statutory employer of the employees of its subcontractors as well as of its own employees. Favre v. Capeletti Brothers, Inc., 381 So.2d 1356 (Fla. 1980); Hammel v. Pittman, 389 So.2d 1220 (Fla.1st DCA 1980). Workmen's compensation immunity derives from a vertical relationship between a contractor and his subs. See Smith v. Ussery, 261 So.2d 164 (Fla. 1972); C & S Crane Service, Inc. v. Negron, supra. A subcontractor may engage a subcontractor and thus be both general contractor and subcontractor depending on the contractual association. McDonald v. Wilson Welding Works, Inc., supra; see Fidelity Construction Co. v. Collins & Son, 130 So.2d 612 (Fla. 1961).
The amendment to section 440.10(1) affects subcontractors formerly exempt from suit.
The amendment to Section 440.10(1) applies, in my opinion, to entities that stand in an independent  or horizontal  relationship with the other. Thus the amendment would now affect those subcontractors who were formerly held exempt from suit, such as in Miami Roofing and Steel Metal Co. v. Kindt, 48 So.2d 840 (Fla. 1950) and Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967), where, although the relationships between subs were entirely independent, the court held the sub who employed the allegedly negligent employee was immune because it was the general contractor's responsibility by law to secure compensation to the employees of all his subs. Therefore all employees of subcontractors under the general were deemed fellow employees regardless of the subcontractor's contractual relationships with one another.
I conclude that it is now necessary to examine the contractual link between the employer of the injured plaintiff and the employer of the alleged negligent employee to determine whether the amendment to Section 440.10(1) has any applicability. If their relationship is necessarily dependent, the employer's immunity from common law suit remains unaffected by the amendment. [footnote omitted].
McDonald v. Wilson Welding Works, Inc., supra, 370 So.2d at 865-66.
In the case before us, the first question to be decided is the nature of the relationship between Independent Steel and Chris Tenbroeck's Crane Rental. If the relationship can be characterized as dependent, the crane rental company is immune because it remains protected by Christopher Tenbroeck's employment for the same statutory employer as employee Chase. If the relationship is independent and characterized as horizontal then, under the 1974 amendment to section 440.10(1), the crane rental company's liability for negligence would not be protected by the exclusive liability provisions of section 440.11(1) in the event negligence were established.[5] Because the record shows that Independent Steel hired Chris Tenbroeck's Crane Rental and directed its work, because the record also discloses that the crane operator performed no work other than that which it was directed by Independent to perform, and because the crane rental company was not required to carry its own workmen's compensation coverage, we hold that the relationship between Independent and Chris Tenbroeck's Crane Rental was dependent. We therefore affirm the summary judgment.
Appellant also contends that Christopher Tenbroeck as an individual was his co-employee and thus enjoyed no immunity from suit. Frantz v. McBee Company, 77 So.2d 796 (Fla. 1955). We disagree. Tenbroeck *61 is the sole proprietor of the crane rental company. He does not possess the status of an employee even though he was working on the project. See Revere v. Shell Chemical, Inc., 376 So.2d 1214 (Fla.3d DCA 1979).
For the foregoing reasons, the decision of the trial court is affirmed.
NOTES
[1] For definitions of the terms contractor, subcontractor, and subsubcontractor, we turn to section 713.01, Florida Statutes (1975):

... .
(2) "Contractor" means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract.
... .
(16) "Subcontractor" means a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract.
(17) "Subsubcontractor" means a person other than a materialman or laborer who enters into a contract with a subcontractor for the performance of any part of such subcontractor's contract.
[2] See questions certified in Motchkavitz v. L.C. Beggs Industries, Inc., supra, and Williams v. Corbett Cranes, Inc., 396 So.2d 811 (Fla.5th DCA 1981) concerning liability under section 440.10, Florida Statutes (1973), prior to its amendment in 1974.
[3] Ch. 74 197, § 6, Laws of Fla.
[4] Section 440.11(1) was amended in 1978, ch. 78 300, § 2, Laws of Fla., to extend immunity to fellow employees acting in furtherance of the employer's business depending on the degree of negligence. See Iglesia v. Floran, 394 So.2d 994 (Fla. 1981). The 1978 amendment does not apply to these proceedings.
[5] We do not decide the issue of negligence as the order appealed ruled only on the issue of immunity under the Workmen's Compensation Act.