420 So.2d 929 (1982)
Karen H. CLARK, As Personal Representative of the Estate of Delvert Wayne Clark, Deceased, and for the Benefit of Daniel T. Clark, Son of Delvert Wayne Clark, Deceased, Appellant,
v.
BETTER CONSTRUCTION COMPANY, INC., Jose Ortega, Jr., Parliament Insurance Company, and Charles L. Downey, Appellees.
No. 81-1378.
District Court of Appeal of Florida, Third District.
October 26, 1982.
*930 Highsmith & Strauss and Philip Glatzer, Miami, for appellant.
Magill, Reid, Kuvin & Lewis and Fred Lewis, Talburt, Kubicki & Bradley and Betsy E. Hartley and Jon Derrevere, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Better Construction Company, a general contractor engaged to renovate a house, hired subcontractor Nelson's Crane Service to install steel beams. Clark, an employee of Nelson's Crane, was electrocuted when a cable used to hoist beams came into contact with overhead electrical wires. At the time, Clark and appellee Downey were engaged in lifting and placing the steel beams. After his death, Clark's wife brought an action against Better Construction Company, Inc., its Vice President Ortega, and crane operator Downey, among others, despite the fact that Clark received workmen's compensation. At the close of plaintiff's case, the trial court directed a verdict and entered final judgment in favor of appellees. This appeal ensued.
In reviewing a directed verdict, the test we apply is "whether it appears as a matter of law that no proper view of the evidence could possibly sustain the position of the party against whom the verdict is sought to be directed." Cook v. Mills, 374 So.2d 599, 601 (Fla. 3d DCA 1979). Holding that appellees are immune from liability as a matter of law, we affirm the trial court's decision.
Workmen's compensation statutes provide employers immunity from liability for negligent conduct. § 440.10, Fla. Stat. (1975);[1] § 440.11, Fla. Stat. (1975).[2] The *931 degree of the negligence is irrelevant to the question of liability. Under chapter 440, the general contractor becomes the statutory employer of employees of its subcontractor and is required to furnish workmen's compensation for all employees. In return, the contractor is afforded immunity from liability. Thus, in exchange for enabling injured workers to receive compensation without fault, employers receive immunity from suit. The Workmen's Compensation Cases, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917); Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910 (Fla. 1981); Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954). Workmen's compensation statutes provide injured workers an exclusive remedy. The trial court correctly directed a verdict in favor of Better Construction Company.
Although, in Chase v. Tenbroeck, 399 So.2d 57 (Fla. 3d DCA 1981), we discussed guidelines for determining the relationship between different subcontractors of a general contractor, we do not apply those guidelines to these proceedings because we are not here concerned with employees of different subcontractors. Consequently, no need exists for a decision concerning the extent of control exercised by the employer as would be necessary under the Chase analysis.
Turning to the action filed against Charles Downey, we examine the allegations of negligence contained in the complaint. A supervisor[3] enjoys the immunity afforded his employer unless he engages in conduct which, by direct involvement on his part, constitutes an affirmative act of negligence "going beyond the scope of his employer's non-delegable duty." Zurich Insurance Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979). Since failure to provide a safe place to work has been ruled a corporate employer's obligation subject to protection from lawsuits, Kruse v. Schieve, 61 Wis.2d 421, 213 N.W.2d 64 (1973); see West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976), a supervisor owes a duty to provide a safe work place, not to the employee, but to the employer. Kruse v. Schieve. The supervisor is personally liable only if he "increases the risk of injury to the employee." Lupovici v. Hunzinger Construction Co., 79 Wis.2d 491, 255 N.W.2d 590 (1977).
The complaint against Downey alleges:
30. The Defendant, CHARLES L. DOWNEY, was negligent and careless in the following respects:
(a). In negligently and carelessly operating the aforesaid crane in such a manner as to allow said crane or its component parts to come in contact with the aforesaid high-tension electrical wires;
(b). In negligently and carelessly failing to warn the deceased, DELVERT WAYNE CLARK, that said crane or its component parts then and there being operated by Defendant, CHARLES L. DOWNEY, was about to come in contact with the aforesaid high-tension electrical wires.
That Downey engaged in independent acts of negligence and breached a duty owed to an employee so as to establish liability on his part, Dessert v. Electric Mutual Liability Insurance Co., 392 So.2d 340 (Fla. 5th DCA 1981), cannot be concluded from the record before us. The only witness called by the plaintiff concerning Downey's alleged negligence was Downey himself.[4] He testified that the crane had been stopped before the accident. Clark stumbled *932 over scrap lumber while rotating a beam. Attempting to break his fall, Clark took hold of the beam and sustained a fatal injury when a cable holding the beam came into contract with overhead power lines. Downey testified that he had instructed Clark: "Look up, we got power lines." Because the evidence failed to support the allegations contained in the complaint,[5] the trial court correctly directed the verdict in favor of appellee Downey.
For these reasons, we affirm the judgment.
NOTES
[1] Liability for compensation. 
(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees, or any physician or surgeon providing medical services under the provisions of s. 440.13, of the compensation payable under ss. 440.13, 440.15, and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment. A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
(2) Compensation shall be payable irrespective of fault as a cause for the injury, except as provided in s. 440.09(3).
[2] Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of the employment, or that the injury was due to the contributory negligence or comparative negligence of the employee.
(2) An employer's workmen's compensation carrier, service agent, or safety consultant shall not be liable as a third party tort-feasor for assisting the employer in carrying out the employer's rights and responsibilities under this chapter by furnishing any safety inspection, safety consultive service, or other safety service incidental to the workmen's compensation or employers' liability coverage or to the workmen's compensation or employer's liability servicing contract. The exclusion from liability under this subsection shall not apply in any case in which injury or death is proximately caused by the willful and unprovoked physical aggression, or by the negligent operation of a motor vehicle, by employees, officers, or directors of the employer's workmen's compensation carrier, service agent, or safety consultant.
[3] Chapter 78-300, Laws of Florida, amended section 440.11 to grant co-workers statutory immunity for ordinary negligence. Clark's accident occurred in 1976.
[4] During argument on the motion for directed verdict, Clark's counsel stipulated that "Mr. Downey was telling the absolute truth when he said he was handling the job and the crane... ."
[5] Clark's reply brief argues that an affirmative act of negligence occurred in the positioning of the crane on the street rather than on the Scopetta property. Again, we need not consider whether such an "allegation" constitutes affirmative negligence since the allegation did not appear in the complaint and no motion to conform the pleadings to the proof was presented. Furthermore, the argument raised in the reply brief was not advanced in the trial court.